**ON–LINE SYSTEMS, INC., and Conversational Systems, Inc., Plaintiffs-Appellees,**

v.

**Robert B. STAIB et al., Defendants-Appellants.**

**Nos. 73–1070, 73–1085.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1973.

Decided May 31, 1973.

Rehearing Denied June 25, 1973.

William E. Davis, Davenport, Iowa, for defendants-appellants.

Ralph D. Sauer, Davenport, Iowa, for plaintiffs-appellees.

Before MEHAFFY, BRIGHT, and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Robert B. Staib, an electronics engineer, owned, controlled, and worked for Conversational Systems, Inc. (CSI). In 1970, he contracted to sell the capital stock of CSI to On-Line Systems, Inc., a Pennsylvania corporation engaged in the business of selling computer time to industry. A part of that agreement provided that Staib was not to be employed in any business competitive to the business of CSI for a period of three years.

Within the three-year period, Staib left CSI to work for a competitor of On-Line and CSI, which resulted in On-Line and CSI bringing an action against Staib and others for breach of the non-competition clause of the agreement. During the course of the litigation, On-Line and CSI applied for a preliminary injunction enjoining Staib's employment with firms competing with the plaintiffs. The district court granted this injunction on January 2, 1973, and Staib promptly brought this appeal. For reasons enunciated below, we find it neces-

sary to vacate the injunction and re-mand the case for further proceedings.

Paragraph 20 of the July 31, 1970, agreement between Staib and On-Line provided:

> The selling shareholder agrees that for a period of three (3) years after the closing date he will not, directly or indirectly, own, manage, operate, control or be employed or associated with any business competitive to the business of CSI except that he may own securities listed and traded on the New York or American Stock Exchanges.

■ At oral argument the parties agreed that the law of Pennsylvania governs the construction of this clause of the agreement. Appellant-Staib appears not to have directly challenged the validity of the noncompetition clause under Pennsylvania law in opposing the motion for a temporary injunction, but he has raised the issue in his brief on appeal by arguing that the injunction was overly broad in affording more protection than necessary to protect On-Line's competitive position.[1] Oral argument and questioning from the bench raised a substantial question as to the validity of this clause under Pennsylvania law. The courts of Pennsylvania do enforce reasonable covenants not to compete, but reasonableness is measured by appropriate limitations on duration (a point not here questioned) and geographic area. The Pennsylvania law seems aptly summarized in *Certified Laboratories of Texas, Inc. v. Rubinson*, 303 F.Supp. 1014, 1022–1023 (E.D.Pa. 1969):

> In Pennsylvania the law of covenants not to compete ancillary to employment agreements has been reduced to cant. We learn that such covenants are restraints upon trade and as such are not viewed with favor; that they

are subject to a more stringent test than those ancillary to the sale of a business; and that they are *prima facie* enforceable if "reasonably limited in duration of time and geographical extent." Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 628, 136 A.2d 838, 844 (1957). *Accord,* Jacobson & Company, Inc. v. International Environment Corp., 427 Pa. 439, 235 A.2d 612 (1967); Capital Bakers, Inc. v. Townsend, 426 Pa. 188, 231 A.2d 292 (1967); Barb-Lee Mobile Frame Co. v. Hoot, 416 Pa. 222, 206 A.2d 59 (1965). "General covenants are reasonably limited if they are 'within such territory and during such time as may be reasonably necessary for the protection of the employer * * * without imposing undue hardship on the employee * * *'. Restatement Contracts, § 516(f) (1932)." Morgan's Home Equipment Corp. v. Martucci, *supra,* 390 Pa. at 628, 136 A.2d at 844. The burden of proving that a covenant is not reasonably necessary for the protection of legitimate business interests and an undue hardship upon the employee is upon the convenantor. Jacobson & Company, Inc. v. International Environment Corp., *supra,* 427 Pa. at 451, 235 A.2d 612.

■■ As indicated in *Certified Laboratories*, Pennsylvania courts are apparently more amenable to enforcing noncompetition covenants ancillary to the sale of a business than those ancillary to employment contracts. Appellant argues that the noncompetition agreement here was ancillary to an employment agreement and therefore should not be enforced due to its lack of geographic restrictions. While the agreement may have been ancillary to the sale of a business *in form*, the district court's discussion in its rulings on the preliminary injunction seem to indicate

---

1. The preliminary injunction permitted Staib to continue his present employment with defendant, Applied Kinetics, Inc. (AKI), only "if AKI does not in any manner directly or indirectly, sell, compete or solicit sales of systems competitive to On-Line and does not do any work on computer programs or computer hardware for customers * * *."

**310**

that it regarded Staib as an employee of On-Line, despite the existence of the CSI corporate form. Thus at least arguably the noncompetition agreement was in effect made in connection with an employment agreement. However, we need not decide that issue here. Since the noncompetition clause contains no geographic limitation whatever, we have serious doubts as to whether the clause is sustainable under either theory. *See* Plunkett Chemical Co. v. Reeve, 373 Pa. 513, 95 A.2d 925 (1953). Although, as suggested by On-Line, the district court may properly reduce the geographic area of a too broad covenant, Jacobson & Company, Inc. v. International Environment Corp., 427 Pa. 439, 235 A. 2d 612 (1967), the district court has not so restricted its injunctive relief. Accordingly, we set aside the injunctive order.

Reversed and remanded. No costs are awarded.