## M. S. Jacobs and Associates, Inc. v. Duffley

*Charles D. Coll*, for plaintiff.
*Michael Georgalas*, for defendant.

DOYLE, J., December 27, 1973.—This action in equity to enforce a noncompetition covenant contained in an employment contract is before us on remand from the Supreme Court. Plaintiff's complaint demanded that defendant be preliminarily and permanently enjoined from competing with plaintiff under the terms of the restrictive covenant. Plaintiff also seeks an accounting and damages resulting from

defendant's alleged breach of contract. After hearing testimony, we entered a decree nisi dismissing the complaint. Plaintiff's exceptions to that decree were dismissed by the court en banc and a final decree was entered affirming the findings of fact and conclusions of law. The Supreme Court, per opinion and order reported at 452 Pa. 143 (1973), remanded for a hearing which was held on October 29, 1973, at which time additional testimony was taken with respect to the following issues: (1) Reasonableness of the time-scope of the restrictive covenant; (2) reasonableness of the territorial-scope of the covenant; (3) business losses, if any, sustained by plaintiff; (4) risk of future harm to plaintiff if the covenant is not enforced by the court.

## FACTS

At the initial hearing, oral testimony and real evidence established that: Plaintiff hired defendant during February of 1966 as an engineer to receive inquiries from plaintiff's "outside salesmen" and to develop quotations for bidding purposes; defendant later became an "outside salesman" and rendered technical service to plaintiff's customers and solicited said customers to purchase, through plaintiff, products manufactured by Vibra Screw, Inc. (Vibra) and Charles Ross and Son Co. (Ross); at the time he was hired by plaintiff, defendant did not sign, nor was he proferred, a written employment contract containing a post-employment noncompetition clause; on March 22, 1968, defendant signed the written "Salesman's Contract" (attached to the complaint) which provides, inter alia, that:

". . . in consideration of [defendant]'s employment with [plaintiff], [defendant] agrees that if he voluntarily terminates his employment with [plaintiff] . . . he will not . . . represent, sell for, or solicit the repre-

sentation of any of the suppliers [plaintiff] represented at the time of [defendant]'s termination [Vibra and Ross] . . . within one year of his termination for a period of two years after [defendant] leaves [plaintiff] . . . within the territory served by [plaintiff] on the date of this agreement. . . ."

The "territory" includes the States of Ohio, Pennsylvania, Indiana, Kentucky and northern West Virginia; although defendant received various increases in compensation, the matter remained a cause of dispute; defendant terminated his employment with plaintiff during June of 1969 but was re-hired at greatly increased compensation; defendant voluntarily terminated his employment with plaintiff during March of 1972; plaintiff's contract with Vibra terminated on May 17, 1972, and with Ross on June 30, 1972; since March of 1972 defendant has been employed as a salesman for Ferro Tech, Inc., which sells the products of Vibra and Ross in the States of Ohio, Pennsylvania and West Virginia.

This court held, inter alia, that because no beneficial change had occurred in defendant's employment status, no consideration existed which would support the covenant against competition. Accordingly, we refused to enforce the covenant and dismissed the complaint. The Supreme Court found that a novation had occurred, although the idea of a novation was never presented or argued and although the opinion of this Court never referred to or used the term novation and although no new party was ever involved. We are unable to reconcile the facts with a novation as defined by Restatement, Contracts, §424. The Supreme Court then held:

"From [the] testimony it can be seen there was a substantial beneficial change in appellee's [defendant's] employment status in March of 1968, when

appellee assumed the position of an outside salesman, thus supplying the consideration necessary to bring this case within the law as stated in [Jacobson & Co. v. Int. Environment Corp. 427 Pa. 188 (1967)].

## DISCUSSION

### Reasonableness of Time and Territory Restrictions

Covenants not to compete which are ancillary to employment agreements are recognized as restraints on free trade and are viewed with something less than plenary judicial favor. Thus, a more stringent test of "reasonableness" is applied to them than, for example, to similar covenants ancillary to sales of businesses: Hayes v. Altman, 438 Pa. 451 (1970); Jacobson, supra; On-Line Systems, Inc. v. Staib, 479 F. 2d 308 (8th Cir., 1973). Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618 (1957) held, at pages 631-32:

"To prevent an employe from utilizing such training and information in competition with his former employer, for the patronage of the public at large, restrictive covenants are . . . enforced by the courts as reasonably necessary for the protection of the employer. [citations omitted] A general covenant not to compete, however, imposes a greater hardship upon an employe than upon a seller of a business. An employe is prevented from practicing his trade or skill, or from utilizing his experience in the particular type of work with which he is familiar. He may encounter difficulty in transferring his particular experience and training to another line of work, and hence his ability to earn a livelihood is seriously impaired . . . Contrarywise, the mobility of capital permits the businessman to utilize his funds in other localities and in other industries."

Despite the fact that covenants not to compete place

employes in an economically disadvantageous position, such agreements are prima facie enforceable if "reasonably limited as to duration of time and geographical extent": Morgan, supra. Accord: On-Line Systems, supra; Jacobson, supra. Such covenants are reasonably limited in time if they are viable during such time as may be reasonably necessary for the protection of the employer without imposing undue hardship on the employe: Morgan, supra; Restatement, Contracts, §516(f).

The covenantor bears the burden of proving that a covenant is *not* reasonably necessary for the protection of legitimate business interests and is an undue hardship on the employe: On-Line Systems, supra; Jacobson, supra.

The "Salesman's Contract" involved here provides, in pertinent part:

"7. In consideration ot the Employee's employment with Employer, the Employee agrees that if he voluntarily terminates his employment with Employer or is discharged for cause by the Employer, he will not on behalf of himself or any person, partnership, corporation, or other entity, either directly or indirectly, represent, sell for, or solicit the representation of any of the suppliers the Employer represented at the time of Employee's termination or has represented within one year of his termination for a period of *two years after said Employee leaves* M.S. Jacobs & Associates, Inc., on the date of this agreement, *which territory is shown on Exhibit "A" and "B" attached hereto.*" (Italics supplied)

We find that the two-year restriction on competition with the former employer is reasonable. It accords with similar covenants that have been approved by the Supreme Court. E.g., Jacobson, supra (two years after termination); Barb-Lee Mobile Frame Co. v. Hoot,

416 Pa. 222 (1965) (five years from date of termination).

Defendant terminated his employment with plaintiff on March 15, 1972. Since that time he has been employed by Ferro Tech, Inc. Plaintiff contends that the *duration* of the covenant should be measured from the date of the final decree of this court.

Plaintiff cites Erkes v. Eisenthal, 354 Pa. 161 (1946); Levin v. Pittsburgh United Corp., 330 Pa. 457 (1938); Bloshinski v. Falaz, 168 Pa. Superior Ct. 565 (1951); McFarland v. Gregory, 322 F. 2d 737 (1963). These cases hold that where record evidence indicates that the restricted employe by fraud or unnecessary delay has unjustly permitted the period of the restrictive covenant to run, equity may extend the life of the covenant. In the cited cases, the employers would have suffered substantial harm if the covenants had not been enforced. But, such circumstances do not attend this case. Furthermore, each of the cited cases involves a covenant ancillary to the sale of a business, a species of contract less onerous than similar covenants contained in employment contracts. We hold that the time-scope of the restriction is to be measured from March 15, 1972, the date on which defendant terminated his services with plaintiff.

At the hearing on October 29, 1973, plaintiff argued that *territory* of noncompetition should be:

"THE COURT: The Counties are McKean, Cameron, Clearfield, Blair, and Bedford, and all Counties in the Commonwealth west of those to the Ohio border, plus the Counties of Mahoning, Bellaire, and Fulton in Ohio, plus the Counties comprising the area of Wheeling . . . and Weirton, West Virginia. I don't have the names of those counties, nor am I going to look them up, is a much broader area than was suggested at the last hearing, as I recall.

"COUNSEL FOR PLAINTIFF: That is correct": Tr. 88.

A court may reduce the territorial scope of a restrictive covenant where the contracted-for territory limitation is unreasonable: Jacobson, supra; Barb-Lee, supra; Smith's Appeal, 113 Pa. 579 (1886). Plaintiff has failed to prove facts which would justify restraining defendant from competition within the area described above. Upon a thorough review of the entire record and all of the testimony, we hold that a reasonable area under the circumstances comprises Allegheny County and its adjacent counties, viz., Armstrong, Beaver, Butler, Washington and Westmoreland.

### Damages

Plaintiff demands damages allegedly resulting from defendant's activities which are alleged to have breached the noncompetition covenant. The Supreme Court remand-opinion states:

"The chancellor's opinion does state . . . that the contract should not be enforced because [plaintiff-employer] would not be harmed by nonenforcement since it no longer has contractual ties with customers with whom [defendant-employee] had dealt when he was in the employ of [plaintiff]. We note . . . that the contract specifically provides that appellee: ". . . will not on behalf of himself or any person, partnership, corporation, or other entity, either directly or indirectly, represent, sell for, or solicit the representation of *any of the suppliers the Employer represented at the time of Employee's termination or has represented within one year of his termination for a period of two years after said Employee leaves M. S. Jacobs and Associates, Inc. . . .* Moreover, there was specific testimony by the president of appellant that much business was lost because of appellee's conduct. Since

the chancellor made no clear findings of fact on [the issue of damages, inter alia] they must be dealt with on remand": 452 Pa. page 148.

At the original and the subsequent hearings, no evidence was introduced which could form the basis for awarding any damages, nor on which we could found an order for an accounting.

Since plaintiff's contracts with Vibra and Ross have long since expired, we cannot agree that plaintiff would be irreparably or otherwise significantly harmed if an injunction does not issue. We enter our order because the Supreme Court has all but directed us to issue an injunction despite our recited misgivings. Enforcing the agreement will assuage plaintiff's vengeance but will not otherwise benefit plaintiff.

## CONCLUSION

An injunction will issue to restrain defendant from competing with plaintiff in the Counties of Allegheny, Armstrong, Beaver, Butler, Westmoreland and Washington, Pa.

The duration of the injunction is two years from the date of defendant's termination of employment with plaintiff.

Plaintiff has failed to establish a right to recover damages or to an accounting.

## DECREE NISI

And now, December 27, 1973, defendant, Joseph C. Duffley, is enjoined for a period of two years from March 15, 1972, in the Counties of Allegheny, Armstrong, Beaver, Butler, Westmoreland and .Washington, Pa., from directly or indirectly representing, selling for, or soliciting the representation of any suppliers of plaintiff, M. S. Jacobs and Associates, Inc., who were represented by said plaintiff for one year prior to March 15, 1972.