# Barb-Lee Mobile Frame Company *v.* Hoot, Appellant.

Argued November 13, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward N. Gottlieb,* for appellant.

*Jerome J. Verlin,* with him *David Cohen,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 5, 1965:

On September 1, 1959, Charles T. Hoot and Meyer Cohen, president of the Barb-Lee Mobile Frame Co., entered into a contract whereby Hoot agreed to work for Barb-Lee on a percentage basis, with the proviso that if he discontinued his employment he would not, for five years, compete with Barb-Lee in Pennsylvania, Delaware and New Jersey. Barb-Lee is engaged in the business of straightening and realigning damaged automobile frames by means of a portable machine which is taken to the very site of the disabled car, and, by the application of heat and pressure, realigns the damaged frame to its original dimensions and shape.

On December 21, 1961, Hoot voluntarily ceased his employment with Barb-Lee and at once proceeded to do the very thing he had said he would not do, namely, compete with his previous employer. He solicited Barb-Lee's customers, he took business which would ordinarily go to Barb-Lee, and even sought to cloak his activities with the name of his erstwhile employer.

Barb-Lee sought and obtained in the Court of Common Pleas No. 7 of Philadelphia County, an injunction restraining Hoot from violating his contract.[1] He now appeals to this Court seeking reversal.

In its decree the lower court narrowed the area in which the covenant was operable. It held that Barb-Lee could restrict Hoot from operating in Pennsylvania but not in Delaware and New Jersey. The appellant Hoot argues that the court had no right to modify

[1] The suit was originally entered in the County Court of Philadelphia and then transferred to the Court of Common Pleas No. 7.

the contract and that since the agreement specifically covered the area of the three States, it had to stand or fall in all those three States.

The preamble of the contract stated: "Whereas, Company has an exclusive franchise for the operation of said frame machine within the areas of New Jersey, Pennsylvania and Delaware . . ."

The fact that there was no evidence that Barb-Lee enjoyed such an extensive franchise did not deprive it of protection in the area the Court believed to be reasonable and sustainable. The man who wildly claims that he owns all the cherry trees in the country cannot be denied protection of the orchard in his back yard. A restrictive covenant, when it comes under the scrutiny of a court of equity, will be held to reasonable geographical and chronological boundaries, according to the realities of the situation.

The record shows that Hoot performed his work inefficiently, unreliably and unsatisfactorily. In the early part of 1961 he abandoned his job and returned to his home in Texas. The president of the plaintiff company communicated with him by telephone and sent him airline transportation to come back to Philadelphia. Hoot came back to Philadelphia to realign bent automobile frames but without straightening out his bad work habits. On December 21, 1961, he left the job again, but this time, instead of returning to Texas, he went into business in the plaintiff's immediate domain, adopted the very name of his former employer and used the repair procedure in which he had been tutored while with Barb-Lee.

The unique virtue of equity is that it sometimes straightens out morally damaged frames as well as rehabilitates legally wrecked principles. The court below properly said: "That Barb-Lee earned and deserved protection is record-plain. The relationship between Barb-Lee and Mr. Hoot yields readily to this

conclusion. And it is the law, for it has been held 'that employment contracts containing general covenants by an employe not to compete after the termination of his employment are prima facie enforceable if they are reasonably limited as to duration of time and geographical extent.' Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 628."

The chancellor, in applying equitable principles, helped the defendant by restricting the effect of the covenant to Philadelphia. Authority supports him in this fair modification of the agreement. In *Smith's Appeal,* 113 Pa. 579, the covenant there in question restricted the manufacture of ochre "in the County of Lehigh or elsewhere." This Court "crossed out" the words "or elsewhere" as unreasonable and enforced the covenant as to Lehigh County, stating: "Where a county, or city, or borough, is named as a limit, and an unreasonable extent of territory is also named, the covenant is divisible and may be valid as to the particular place, which is a reasonable limit."

In *Monongahela River Consolidated Coal & Coke Co. v. Jutte,* 210 Pa. 288, we held that where a contract is divisible one part of it "may be void while the other is not," citing *Oregon Steam Navigation Co. v. Winsor,* 87 U.S. 64.

Nor do we find any error in the chancellor's conclusion that: "The restrictive covenant incorporated in the employment contract is supported by adequate consideration."

It must be obvious that the consideration upon which the restrictive covenant in this case was based was the employment itself. In consideration for plaintiff's employing the defendant, the latter agreed not to compete with the plaintiff in accordance with the terms of the restrictive covenant. Where the restrictive covenant is ancillary to a contract establishing an employment relationship, where none existed

previously thereto, the employment constitutes consideration supporting that covenant, as well as all other terms of the employment contract. *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618.

The appellant finally complains that one of the plaintiff's witnesses was permitted to use notes to refresh his memory as to the names of company clients of the plaintiff with which the defendant was now engaging in business in the Philadelphia area. It is not apparent, in the context, that error was here committed. If a slight deviation from technical procedure occurred, the deviation did not take the trial off course to such an extent as to warrant a new trial.

Decree affirmed, each party to bear own costs.