Capital Bakers, Inc. *v.* Townsend, Appellant.

Argued May 23, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel W. Shoemaker*, for appellant.

*Robert H. Maurer*, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 29, 1967:

This is an appeal from a decree in equity below granting a preliminary injunction.

The undisputed facts are these: The appellant, Eldon L. Townsend, entered the employment of Capital Bakers, Inc. (Capital) on May 4, 1953, as a house-to-house salesman operating out of Capital's place of business in Carlisle, Pennsylvania. As a condition of employment, he executed a written contract, which, inter alia, provided that upon termination of his employment he would not for a period of one year solicit or engage in competition with Capital "within any territory or to any customers assigned to or covered or served by him."

Some time later Townsend served as a supervisor for Capital, and on September 30, 1963, was made a Home Service Sales Manager. On January 1, 1965, without any change in his employment status and while still serving in the last mentioned position, he executed a supplementary employment contract, which incorcorporated a similar restrictive covenant against engaging in competition with Capital for a period of one year upon termination of his employment. However, this covenant was much broader in scope than that contained in the agreement executed on May 4, 1953. For instance, the new 1965 agreement restricted Townsend for the one-year period from engaging in or being employed by any baking business or plant located in any territory served by Capital.[1]

On October 14, 1966, Townsend voluntarily terminated his employment with Capital and shortly thereafter engaged in the sale of bakery goods in areas served by Capital in Pennsylvania. When he refused to desist, after being warned that his activities were in violation of his employment contract with Capital, this action in equity was instituted and, after hearing, a preliminary injunction issued.

There is no doubt that the restrictive covenant included in the 1953 agreement was valid and enforceable. It was ancillary to the taking of the employment, and contained reasonable restrictions, both as to time and geographical extent, which were not illegal restraints of trade. See, *Beneficial Finance Co. of Lebanon v. Becker*, 422 Pa. 531, 222 A. 2d 873 (1966), and *Barb-Lee Mobile Frame Co. v. Hoot*, 416 Pa. 222, 206 A. 2d 59 (1965). By the same token, since the 1965 agreement was clearly not ancillary to the taking of em-

---

[1] Capital has several plant locations in Pennsylvania and at least one in Baltimore, Maryland, and one in Wilmington, Delaware.

ployment,[2] the restrictive covenant therein is not valid or enforceable. See Restatement, Contracts §515 (1932) ; *Beneficial Finance Co. v. Becker,* supra; *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A. 2d 838 (1957) ; and, *National Starch & Chemical Corp. v. Snyder,* 34 Pa. D. & C. 2d 533 (1964). The fact that this agreement also included a provision not present in the 1953 agreement requiring Capital to give a thirty-day notice to Townsend in the event of termination did not infuse it with validity. Contracts in restraint of trade, made independently of a sale of a business or contract of employment, are void as against public policy, regardless of the value of the consideration exchanged: *Morgan's Home Equipment Corp. v. Martucci,* supra.

In the injunction issued by the court below, Townsend was enjoined from engaging in and being employed by a bakery business in any territory served by Capital. In other words, the court sustained the validity of the 1965 agreement and ordered its enforcement. This was error. The injunction should have been limited to restraining Townsend from engaging in competition with Capital in the territory covered by the 1953 agreement.

Capital further contends that Townsend, in his position as Home Sales Manager with Capital, gained certain valuable confidential information concerning its business, such as customer lists, which is entitled to protection, and, in itself, justified the decree entered below. It is true that true "trade secrets" of an employer are a valuable asset, the disclosure and use of which by a former employee will be enjoined, regardless of the nonexistence of a nondisclosure contract. However, "trade secrets" which will be so protected must

---

[2] Black, Law Dictionary (4th ed. 1951) defines ancillary as "aiding, attendant upon . . . auxiliary or subordinate . . . ."

be *particular* secrets of the complaining employer and not general secrets of the trade in which he is engaged. See, *Morgan's Home Equipment Corp. v. Martucci,* supra. The "trade secrets" asserted herein are nothing more than those of the general bakery business.

Decree vacated and record remanded with directions to enter a decree consonant with this opinion. Each party to pay own costs.

Mr. Chief Justice BELL concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.