## Cornell Uniforms, Inc. v. Burns

---

*Daniel L. Quinlan, Jr.,* for plaintiff.

*Bernard V. DiGiacomo,* for defendant.

DITTER, J., February 13, 1970.—This case involves the validity of a covenant not to compete contained in an employment contract.

Plaintiff is engaged in the business of supplying uniforms to various industrial firms in Philadelphia and its suburbs. On October 3, 1966, it entered into a contract with defendant, providing for his employment as a driver-salesman. In addition to its other provisions, the contract contained a covenant by defendant that he would not, for a period of one year after the termination of his employment with plaintiff, engage in any competitive business in any territory or on any route assigned to him by plaintiff, or within one mile of any point of such route.

Defendant voluntarily left plaintiff's employment in August 1969, and went to work for a competing business, organized by another of plaintiff's former employes. Contending that defendant had breached the covenant not to compete found in the employment contract, plaintiff brought an action in equity. A preliminary injunction was granted and continued by agreement of counsel pending a full hearing. This adjudication will set forth our reasons for issuing a permanent injunction.

There is only one factual dispute in this matter. Plaintiff contends that defendant did not start to work until October 3, 1966, so that the agreement between the parties was ancillary to defendant's employment. Defendant, on the other hand, produced two pay stubs to show that his employment actually began two weeks before the agreement was signed. From this, defendant argues that the contract is one in restraint of trade made independently of his employment and is, therefore, void as being against public policy.

Plaintiff's treasurer, Eugene Fertman, testified that

defendant's employment began on October 3, 1966, and that any payments before then were made to provide defendant with money while he was between jobs. According to Mr. Fertman, defendant had worked at the Pennsylvania Overall Company. He left that job to come to work for plaintiff, but there was a short period of time after the job at Pennsylvania Overall terminated before defendant was able to begin work for plaintiff. In order to be sure that defendant would accept its offer, plaintiff agreed to pay defendant during the two weeks prior to his actually starting the job.

Defendant denied Mr. Fertman's statement. According to Mr. Burns, there was no hiatus between his employment at Pennsylvania Overall and his job with plaintiff. However, defendant produced no record to show when his prior employment had terminated, despite the fact that he still had his first pay slip issued by plaintiff. Although he had the Federal withholding statement issued by plaintiff for 1966, defendant did not produce the corresponding record from Pennsylvania Overall Company. Had he done so, it could have been used to compute the number of weeks for which he was paid by his former employer that year and thus support or refute his contentions. Mr. Burns was evasive as to whether he had read the contract of employment, whether he understood it, and the circumstances surrounding its execution. In general, defendant did not impress the chancellor as being a credible witness. Therefore, we resolve the factual dispute in favor of plaintiff and against defendant and conclude that Mr. Burns' employment began on October 3, 1966.

Even if we were satisfied that the contract between the parties had been executed two weeks after defendant started on plaintiff's payroll, we would still feel that the agreement was ancillary to defendant's employment. Mr. Fertman stated that defendant was not

assigned to any route by the company until October 3, 1966. There was no denial of this assertion. Therefore, execution of the contract and defendant's undertaking of the duties of employment coincided. See Jacobson & Co. v. International Environment Corporation, 427 Pa. 439, 449 (1967). The restrictions contained in the covenant were reasonable as to time and geographical extent and it is, therefore, not an illegal restraint of trade: Capitol Bakers, Inc. v. Townsend, 426 Pa. 188, 190 (1967).

And now, February 13, 1970, plaintiff's prayer for an injunction is granted, and defendant, Joseph Burns, is hereby enjoined and restrained from soliciting, directly or indirectly, or serving any customer or former customer of plaintiff on the routes and in the territories heretofore served by defendant during his employment with plaintiff. This injunction shall remain in effect until July 31, 1970.

The prothonotary, in accordance with the rules of equity procedure shall give notice to counsel, and unless exceptions are filed within 20 days after notice of filing of this adjudication, the decree nisi will become the final decree as of course.