### Epstein v. Pincus

*Abraham L. Hodes* and *Isadore S. Wachs,* for plaintiff.

*Ronald N. Rutenberg* of *Rutenberg, Rutenberg & Rutenberg,* for defendant.

SLOANE, J., October 27, 1971.—This equity matter was heard to me as a final hearing by mutual consent,

though first listed for preliminary hearing. Involved is a written agreement between plaintiff and defendant (and, one Paul Freedman, not concerned here), particularly a "covenant not to compete" with plaintiff and his business, a wholesaler of foods, produce, fish and seafood, which, as the same was amended as to time by the parties, reads as follows:

"13. COVENANT NOT TO COMPETE:

"(a) Each SELLER agrees that, from and after the closing, he will not, unless acting as an officer or employee of the COMPANY, or with the BUYER'S prior written consent, directly or indirectly own, manage, operate, join, control, or participate in, or be connected as an officer, employee, partner, or otherwise with, any business under any name similar to the COMPANY'S name, and that, for a period of one (1) year after the closing, he will not in any such manner directly or indirectly compete with, or become interested in any competitor of, the COMPANY. The SELLERS acknowledge that the remedy at law for any breach by either of them of the foregoing will be inadequate, and that the COMPANY and the BUYER shall be entitled to injunctive relief."

Plaintiff claims violations of this covenant were and are being made by defendant. Defendant admits he is in the same business as plaintiff, wholesaling food, produce, fish and seafood, operating as "Valley Produce" at 1924 Haines Street, Philadelphia; he admits he is soliciting certain of plaintiff's accounts (customers), takes them away if he can, and deals with those accounts. Defendant's defense is (1) "the covenant not to compete" is invalid and (2) plaintiff breached his agreement to pay off defendant's loan with Continental Bank, a balance of about $26,000, thus bringing about "a complete failure of consider-

ation." As to "the covenant not to compete," the assertion that it has no force is based on the premise it has no geographical limit; it has a time limit, that is, one year expiring February 22, 1972.

Generally, the written agreement between plaintiff and (now only) defendant provides for the purchase by plaintiff of the shares in the corporation, McCray & Hunter, also wholesalers in food and produce, and then in uncertain and shaky financial condition. The hard fact is that McCray & Hunter went into involuntary bankruptcy, in March of 1971, with *the final event of settlement with creditors of "25-cents on the dollar."*

Upon purchase of McCray & Hunter in February 1971, defendant, who owned half the shares of McCray & Hunter and worked there, went to work for plaintiff and worked with and for plaintiff until September 1971, when for misconduct, he was "fired" by plaintiff and, as stated above, made and conducts his own business, the same as plaintiff.

Plaintiff seeks damages from defendant for loss of certain of his accounts deliberately solicited and taken away from plaintiff by defendant.

Upon hearing and consideration of all evidence, I now find and conclude as above and as follows:

## FINDINGS OF FACT

1. Plaintiff did not breach his agreement with defendant as to defendant's loan with Continental Bank.

2. Defendant did breach his "covenant not to compete" with plaintiff.

3. (a) Plaintiff suffered loss by reason of defendant's conduct in taking to himself certain of plaintiff's accounts (customers).

(b) Defendant is subject to damages to plaintiff for violation of his "covenant not to compete."

## CONCLUSIONS OF LAW

1. The "covenant not to compete," as provided in paragraph 13(a) of the written agreement between the parties and, as amended by letter dated February 18, 1971 (as to period of time, one year and not two years) is valid as to the City of Philadelphia and its limits and can be enforced as to competition in the city. See Barb-Lee Mobile Frame Company v. Hoot, 416 Pa. 222, 225.

2. Plaintiff is entitled to proper damages for defendant's violation of his covenant not to compete.

## STATEMENT AS TO DAMAGES

1. Plaintiff is given reasonable opportunity, upon reasonable notice to the court and defendant, to prove more exactly his loss of accounts (customers) and their business by reason of defendant's misconduct in violation of his "covenant not to compete."

## DECREE NISI

1. (a) Defendant is enjoined anywhere in Philadelphia from competing with plaintiff and from soliciting or dealing with any of plaintiff's accounts (customers) no matter where the accounts (customers) are located. (b) This injunction shall continue until and including February 22, 1972.

2. Plaintiff, upon proper proof, shall be entitled to proper damages and resultant financial loss by reason of defendant's violation of his "covenant not to compete."