## Pennsylvania Higher Education Assistance Agency v. Layton

*Smith B. Gephart,* for plaintiff.
*William T. Smith,* for defendant.

CALDWELL, J., February 15, 1972.—

### FINDINGS OF FACT

1. Plaintiff is a public corporation with its office in Harrisburg, Pa.

2. Defendant is an individual who resides in Harrisburg, Pa.

3. Defendant was hired initially by plaintiff on March 31, 1969, as a clerk II.

4. Defendant was immediately assigned to the computer operation section of plaintiff's business.

5. On March 12, 1970, defendant was classified as a computer trainee I at a salary of $192 bi-weekly.

6. On July 2, 1970, defendant was classified as a computer trainee II at a salary of $222.50 bi-weekly.

7. On July 2, 1971, defendant was classified as a computer operator I at a salary of $233 bi-weekly.

8. On December 8, 1971, defendant submitted his resignation and terminated his employment on December 28, 1971.

9. Defendant worked as a computer operator during the entire course of his employment with plaintiff and his basic duties did not change at any time.

10. There was no change in the nature of defendant's employment on July 2, 1970.

11. When defendant received the contract for execution on or about July 2, 1970, he was told by a supervisor that he had no choice but to sign it if he expected to advance in plaintiff's employ.

12. Defendant's salary increases and classification changes were not, in fact, contingent on his execution of the written employment contract and said changes would have been granted in any event.

13. The matter of entering into a restrictive employment contract was never discussed directly between plaintiff and defendant.

## DISCUSSION

The issue in this case is the validity and enforceability of a convenant in an employment agreement between the parties wherein defendant agreed not to engage in the "same, similar or related type of work" in the event of a termination of his employment with plaintiff prior to the expiration of the contract.

The evidence discloses that defendant entered plaintiff's employ as a computer operator under an oral agreement on March 31, 1969, and was classified as a clerk II. On March 12, 1970, he was promoted or advanced to another classification, to wit, computer trainee I and on July 2, 1970, his classification was changed to computer trainee II. It was on or about the latter date that defendant signed the employment contract that forms the basis for this litigation.

One year later, on July 2, 1971, defendant was classified as a computer operator I and on December 8, 1971, he submitted his written resignation. His employment

actually terminated on or about December 28, 1971. During the entire period of his employment, defendant's duties with plaintiff consisted of serving as a computer operator.

As indicated, some 15 months following defendant's employment by plaintiff, and at about the same time that he was classified as a computer trainee II, the parties signed a written agreement captioned "Employment Contract." Under the terms of this agreement it was stated that plaintiff "employs" defendant in the position of computer trainee II, and that defendant "agrees to enter into the employment of" plaintiff upon the terms and conditions set forth therein. The provision of the agreement with which this litigation is involved states the following:

"In the event that this contract terminates for any reason at any time other than at the end of the contract period as provided in paragraph 10 thereof, employee agrees that he shall not engage in the same, similar or related type of work for any individual, firm, government agency, or corporation within a radius of fifty (50) miles of his last principal place of employment with PHEAA [plaintiff] for a period of two (2) years from said termination: provided, however, that PHEAA may waive the provisions of this paragraph in writing signed by the Executive Director."

The contract stated that the period of employment was to be for two years, or until July 2, 1972, but, as noted, defendant terminated his services at the end of December 1971. Immediately thereafter, defendant entered the employment of the Commonwealth of Pennsylvania, Department of Transportation, as a computer programmer and he is so engaged at the present time. Plaintiff contends that defendant's current employment is in violation of the restrictive covenant set forth above and seeks to have defendant enjoined

from engaging in computer operations within a radius of 50 miles of Harrisburg and for a period of two years from December 1971, as provided in the agreement.

As a general proposition, it can be stated that historically the law looked with disfavor upon contracts which tended to restrain an individual from engaging in employment of his own choice. In the eighteenth century as economic conditions changed the law also changed and the courts began to uphold partial restrictive covenants concerning employment. At the present time in Pennsylvania provisions such as those presented here are enforceable so long as they are ancillary to the employment of an employe and are reasonably limited both in geographical extent and duration of time: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 136 A.2d 838 (1957).

Defendant in this proceeding does not question the reasonableness of the 50-mile, two year limitation. It appears to us that these two restrictions are fair and proper and should be honored if the agreement is legally enforceable in all other respects. The question which has been raised by defendant, and the one which appears to be the only point in issue, is whether the agreement signed by defendant was, in fact, ancillary to his employment. The court in Morgan's Home Equipment Corp. v. Martucci, supra, stated the applicable rule of law as follows:

"It has long been the rule at common law, that contracts in restraint of trade made independently of a . . . contract of employment are void as against public policy regardless of the valuableness of the consideration exchanged therein."

The question presented in this case was last before the Supreme Court in two leading cases on the subject. In Capital Bakers, Inc. v. Townsend, 426 Pa. 188, 231 A.2d 292 (1967), the court emphasized what was said

in Morgan, supra, that restrictive contracts in restraint of trade *made independently of a contract of employment* are void as against public policy regardless of the consideration exchanged. In Capital Bakers, supra, the court refused to enforce restrictions contained in a contract that was entered into long after the employment began and where there was no significant change in the employment status of the employe at the time the agreement was entered into. In Jacobson & Company, Inc. v. International Environment Corp., 427 Pa. 439, 235 A.2d 612 (1967), the court further refined this area of the law by holding that to be ancillary to employment the contract does not necessarily have to be entered into upon the *initial* employment of the employe by the employer. The court found the contract in Jacobson, supra, ancillary to the employment even though it was entered into two years after the original employment of the employe by the employer. The court concluded that since there had been a definite change in the responsibilities and duties of the employe at the time the restrictive agreement was entered into, there was a *taking of employment* to which the restrictive agreement was ancillary and the contract was upheld.

As already noted, defendant herein had been employed by plaintiff for 15 months on the date of the contract. While it is true that the pay scale and classification of defendant was elevated at about the same time the contract was signed, an analysis of the circumstances surrounding the execution of the contract leads inexorably to the conclusion that there was no meaningful or substantial change in defendant's employment status so that it could be said there was a taking of employment. There was no alteration in defendant's duties or responsibilities and his functions were exactly the same after July 2, 1970, as beforehand. Nor does the record indicate that the parties foresaw any

future changes in the employment relationship. Indeed, we are convinced that there was no basic difference in the nature of defendant's employment during its entire course, although he probably became more proficient at his work during the early months of his employment as he was learning his trade. The relatively modest salary increases of defendant and his classification changes from time to time did not involve any corresponding increase in responsibilities, and it appears that these adjustments represented a type of regular increment granted to all employes primarily on the basis of satisfactory performance and longevity.

The manner in which the contract was submitted to defendant also indicates that plaintiff did not recognize that defendant's employment status was being altered in any appreciable way. At no time was there any discussion between the parties concerning the contract and, in fact, it was forwarded to defendant in the inter-office mail. When defendant inquired of his supervisor about the contract, he was told he had better sign it if he expected to continue his employment with plaintiff. Thereupon he signed it. The court asked one of plaintiff's witnesses what would have happened had defendant not signed and returned the contract at the time and the witness answered quite frankly that nothing would have happened. He stated that defendant would have been continued in his employment and would have received the salary increase and classification change in any event. In fact, the witness pointed out that when defendant was promoted to computer operator I on July 2, 1971, another similar contract was solicited by plaintiff but was refused by defendant. This refusal did not jeopardize defendant's last classification and salary increase.

We do not intend to rule that the parties could not

agree upon the "taking of employment" at the time in question if the undertaking were properly negotiated. We do, however, believe it is clear from the record that in this particular instance the parties did not mutually contemplate the *taking of employment,* as that term is used in the legal sense, to which the restrictive contract could have been ancillary. It appears to us that plaintiff innocently and unilaterally viewed the occasion of defendant's salary and classification change, of July 2, 1970, as an opportune time to append the limiting provisions to defendant's already existing employment as a computer operator. However, since the contract did not involve new or different employment, the restrictive covenants contained therein must be considered void as against public policy, regardless of whether there was any other consideration therefor: Morgan's Home Equipment Corp., supra.

## CONCLUSIONS OF LAW

1. There was no taking of employment by defendant on or about July 2, 1970.

2. The written employment contract between the parties dated July 2, 1970, was not ancillary to defendant's employment.

3. The restrictive covenant contained in the aforesaid agreement is void and is against public policy.

4. Plaintiff has failed to sustain the burden of proving facts that would permit the enforcement of said contract.

5. Judgment should be entered in favor of defendant.

## DECREE NISI

And now, February 15, 1972, the complaint of plaintiff is dismissed and the relief sought denied. The pro-

thonotary shall forthwith notify the parties of the filing of this adjudication and the decree herein shall become final in accordance with Pennsylvania Rule of Civil Procedure 1519.