NOOTER CORPORATION, Appellant,

v.

Stephen S. TODD, et al., Respondents.

No. 48736.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 12, 1985.

Robert S. Allen, St. Louis, for appellant.

Barry J. Levine, St. Louis, for respondents.

SMITH, Presiding Judge.

Plaintiff, Nooter Corporation appeals from the judgment of the trial court denying it a permanent injunction restraining defendant Todd from working for defendant Strange and Coleman in violation of a restrictive convenant of employment. We affirm.

Todd was employed for several years by Nooter as a boilermaker at an hourly wage. He worked at various sites throughout the country and had achieved a foreman status. In 1980 he advised Nooter that he was contemplating a change of employment to

another company. His reason for this was so that he could locate in one place and raise his family. His employment was predominately in servicing and repairing large vessels utilized primarily by oil companies in their refining operations. Ron Zinzer, a management employee of Nooter, advised Todd that Nooter was planning to open a branch office in Penndel, Pennsylvania, to service companies in that area. Zinzer, who was to head the new office, offered Todd a position in the Penndel office as a supervisory employee paid on a salary basis. The offer was oral and was accepted by Todd who commenced work at the Penndel office on October 1, 1980.

The evidence would support a finding that no restrictive covenant was discussed with Todd prior to the commencement of his employment at Penndel.[1] Several months after beginning his employment at Penndel, Todd was furnished with an employment agreement containing a restrictive covenant preventing his post-Nooter-employment for three years by competitors of Nooter anywhere in the United States except for states west of the Rocky Mountains. Competitor was defined to include customers of Nooter regardless of location. Zinzer testified this agreement was presented to Todd after his employment at Penndel commenced but was indefinite as to when. Todd testified he received the agreement at the beginning of February, 1981, and returned it signed about two weeks later. The agreement bore a date of October 1, 1980. The salary stated in the agreement was the same as that previously agreed to and which Todd was being paid after October 1. There were no other conditions of employment in the agreement except a confidentiality pledge and a shopright provision for inventions.

In January 1984, Todd left the employment of Nooter and began working for Strange and Coleman. That company is a Missouri corporation with offices in Illinois. Most of its work is within a fifty mile radius of St. Louis. Its business also involves servicing and repair of vessels utilized by oil companies in refining. Throughout his employment by Nooter after October 1, 1980, Todd was based in Penndel and his work was almost exclusively in that area.

■ We first deal with the choice of laws to be applied. Missouri has adopted the "most significant contacts test" enunciated in Restatement of Conflicts 2d Sec. 6. *Kennedy v. Dixon,* 439 S.W.2d 173 (Mo. banc 1969). We are dealing here only with the restrictive convenant, a contract. We therefore look to the contacts enunciated in Sec. 188 of the Restatement. The covenant was signed in Pennsylvania, was negotiated in Pennsylvania, and the employment was to be performed in Pennsylvania. Sec. 188 provides that "[i]f the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied." The important contacts set out in Sec. 188 all occurred in Pennsylvania. The law of that state is to be applied.

■ The rule for validity of restrictive covenants of employment in Pennsylvania is stated in *George W. Kistler, Inc. v. O'Brien,* 347 A.2d 311 (Pa.1975) [1] as follows:

"It is axiomatic in our law that in order for a covenant in restraint of trade to be enforceable the covenant must 1) relate to (be ancillary to) a contract for the sale of the good will of a business or to a contract of employment, 2) be supported by adequate consideration, and 3) be reasonably limited in both time and territory." See also *Sidco Paper Company v. Aaron,* 351 A.2d 250 (Pa.1976) [1].

■ The Supreme Court of Pennsylvania has held on several occasions that a restrictive covenant is enforceable if supported by new consideration, either in the form of an initial employment contract or a

---

1. Nooter adduced evidence of a custom to require salaried personnel to sign a restrictive covenant. There was evidence that Todd was aware that some salaried personnel were employed under restrictive covenants. There was also evidence that not all employees in capacities similar to Todd's were under such covenants.

change in the conditions of employment. *Maintenance Specialities, Inc. v. Gottus*, 455 Pa. 327, 314 A.2d 279 (1974) [1]; *Kistler v. O'Brien, supra*, [6–9].[2] Continuation of the employment, even if at will, is not sufficient to make the covenant enforceable. *Kistler v. O'Brien, supra*, [6–9]; *Maintenance Specialties, Inc. v. Gottus, supra*, (Ftnt. 1 and Jones concurring). The restrictive covenant must be ancillary to the "taking of employment." *Capital Bakers, Inc. v. Townsend*, 426 Pa. 188, 231 A.2d 292 (1967) [1–4]; *Maintenance Specialities, Inc. v. Gottus, supra*, (Jones, concurring).

 Here the evidence supported a finding that Todd was employed under an oral contract of employment on October 1, 1980. That contract did not include a restrictive covenant and Todd was not advised that his employment was conditioned on such a covenant. The employment was "taken" on the basis of the oral contract. The subsequent written document introduced into the employment contract a new term—the restrictive covenant. That term was not based upon the original employment contract under which Todd "took" the employment nor was there additional consideration for that term. The back dating of the restrictive covenant does not change the fact established by the evidence that the restrictive covenant was not "ancillary" to the employment contract as defined under Pennsylvania law. *Kistler v. O'Brien, supra*, [2–5]. Under that law the key question is whether at the time the employment was agreed to a condition of that employment was the restrictive covenant. Here it was not a condition upon the "taking of employment" and was unenforceable. *Maintenance Specialties, Inc. v. Gottus*, supra; *Kistler v. O'Brien, supra*, *Jacobson & Company, Inc. v. International Environment Corp.*, 427 Pa. 439, 235 A.2d 612 (1967); *Capital Bakers, Inc. v. Townsend, supra; Barb-Lee Mobile Frame Co., Inc. v. Hoot*, 416 Pa. 222, 206 A.2d 59 (1965).

In this court tried case we are bound in our review by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must accept the evidence supportive of the trial court's decision. Utilizing that scope of review we find no error in the judgment of the trial court. It is unnecessary for us to address plaintiff's additional points.

Judgment affirmed.

SNYDER and SATZ, JJ., concur.

---

**2.** Whether this is a matter of "consideration" or necessary to establish the covenant as "ancillary to employment" is subject to some dispute. See Roberts, concurring in *Kistler v. O'Brien, supra*.