363 Pa. Superior Ct. 79 (1987)
525 A.2d 433
RECORDS CENTER, INC.
v.
COMPREHENSIVE MANAGEMENT, INC., Janet Himmelreich, Douglas Washburn, and Willis Bannon, Jr., Appellants.
Supreme Court of Pennsylvania.
Argued January 15, 1987.
Filed May 8, 1987.
*81 Rocco P. Imperatrice, III, Media, for appellants.
Thomas Martin, Philadelphia, for appellee.
Before CIRILLO, President Judge, and ROWLEY, and HOFFMAN, JJ.
CIRILLO, President Judge:
This is an appeal from an order of the Court of Common Pleas of Delaware County granting a preliminary injunction and from an order refusing to dissolve the injunction.
Respondent/appellants, Himmelreich, Washburn, and Bannon, are each ex-employees of plaintiff/appellee, Records Center, Inc. Records Center is a Pennsylvania corporation which provides management consulting services and computerized billing and bookkeeping services to physicians and other health care professionals. Himmelreich began her employment with Records Center in July of 1979. At that time she executed a restrictive covenant, preventing her from competing with the company's clients in Massachusetts, New York, New Jersey, Connecticut, and Pennsylvania for twelve months after termination of her employment.
On March 24, 1981 and March 7, 1984, she signed substantially similar agreements. The 1984 agreement extended the area of non-competition to Rhode Island, Vermont, New Hampshire, and Delaware. There was no change in her employment status at that time. Records Center hired Washburn as an hourly employee in November of 1984. In May of 1985, he was promoted to consultant and in connection with his promotion he executed a restrictive covenant prohibiting him from competing with the company's customers in Massachusetts, New York, New Jersey, Connecticut, Pennsylvania, Rhode Island, Vermont, and New Hampshire. Bannon executed no such agreement during his employment with the company. Himmelreich, Bannon and Washburn *82 later resigned from Records Center and formed respondent/appellant, Comprehensive Management, Inc. Comprehensive began operating in May of 1986 and immediately procured two of Record Center's clients. Record Center filed the instant proceedings seeking a preliminary injunction to enforce the restrictive covenants executed by Himmelreich and Washburn. On May 28, 1986, the hearing court granted this request and included Bannon and Comprehensive within the scope of its order. The court's order restrained the respondents from competing for Records Center's existing clients in Massachusetts, Pennsylvania, New Jersey, New York, Connecticut, Rhode Island, Vermont, and New Hampshire. On June 4, 1986, the respondents requested that the court dissolve the injunction. The court denied this request on June 17 and on June 24 the respondents appealed that denial to this Court.
Appellants present three issues for our review: 1) whether the preliminary injunction is overbroad; 2) whether the restrictive covenants are valid; and 3) whether Records Center has an adequate remedy at law.
The purpose of a preliminary injunction is to preserve the status quo by restoring it to the last peaceable status which preceeded the alleged wrongful conduct. Alpha Tau Omega Fraternity v. University of Pennsylvania, 318 Pa.Super. 293, 301, 464 A.2d 1349, 1354 (1983). The plaintiff's right to the relief sought must also be clear. Independent State Store Union v. Pennsylvania Liquor Control Bd., 495 Pa. 145, 157, 432 A.2d 1375, 1381 (1981).
The trial court's injunction in the instant matter restricted Himmelreich, Washburn, Bannon, and Comprehensive Management, Inc. from competing with Records Center for twelve months. However, only Himmelreich and Washburn executed restrictive covenants with Records Center. Bannon and Comprehensive were restrained from competition with the plaintiff based only on their association with Himmelreich and Washburn. This order is overbroad. It goes far beyond restoring the status quo which preceeded this dispute. That status quo allegedly restricted only *83 Himmelreich and Washburn. A permissible preliminary injunction may go no further than to enforce that restriction.
Under the terms of the trial court's order, Bannon may not compete with Records Center even if he were to leave Comprehensive and join another company. The court subjected Bannon to an obligation he never agreed to undertake. Likewise, even if Himmelreich and Washburn severed all ties with Comprehensive, the company would still not be allowed to compete with Records Center under the terms of the preliminary injunction. The alleged wrongdoers are Himmelreich and Washburn and the trial court must tailor the relief accordingly.
We recognize that Himmelreich and Washburn must not be permitted to achieve indirectly that which they may not do directly. Certainly, they may not violate the restrictive covenants by acting through Comprehensive or Bannon. But, the trial court must mold its order. If the wrongdoers disassociate themselves from the other appellants, Bannon and Comprehensive should be free to compete with Records Center. Our examination of the learned trial judge's excellent opinion has convinced us that he enjoined Bannon's activities because the court found that Bannon was acting in concert with Washburn and Himmelreich and not because Bannon was subject to any independent legal restriction. We feel that the court's order should reflect this rationale. The court must make clear that Bannon is permitted to independently compete with Records Center.
Also, Records Center's right to relief against Bannon and Comprehensive is far from clear. The plaintiff has not alleged any contractual restriction that binds either of those parties. A plaintiff is not entitled to a preliminary injunction unless his rights in the matter are clear. Independent State Store, 495 Pa. at 157, 432 A.2d at 1381. It is well-settled in Pennsylvania that a restrictive employment covenant is valid if it is reasonably limited in duration of time and geographic extent, reasonably necessary to protect the employer without imposing an undue hardship on the *84 employee, ancillary to an employment relation and supported by consideration. See, e.g., Bettinger v. Carl Berke, Assoc., Inc., 455 Pa. 100, 103, 314 A.2d 296, 298 (1974); Jacobson & Co. v. International Environment Corp., 427 Pa. 439, 452, 235 A.2d 612, 619-20 (1967).
The covenants pertaining to Himmelreich and Washburn satisfy these requirements. They are reasonably limited in time as the competitive restrictions are only for twelve months. See John G. Bryant Co., Inc. v. Sling Testing & Repair, Inc., 471 Pa. 1, 8, 369 A.2d 1164, 1170 (1977) (three-year period of noncompetition held reasonable). It is also reasonably limited in geographic extent as it applies only to those states in which Records Center has a reasonable interest in restricting competition. See Hayes v. Altman, 424 Pa. 23, 29, 225 A.2d 670, 672 (1967) (covenant not to compete is reasonably limited if restricted to area reasonably necessary to protect employer's interest). Records Center's reasonable interest is to protect the goodwill it has developed with its customers. This restriction does not impose an undue hardship on the appellants because they are still free to compete with their former employer for new business. Also, they are not restricted in any manner outside the zone specified in the covenants.
The covenants executed by Himmelreich and Washburn were both ancillary to an employment relation as both individuals were employed by Records Center. Appellants have argued that the covenants were not ancillary to an employment relationship because neither Himmelreich or Washburn ever executed a written employment contract. However, the appellants have been unable to cite any authority for this requirement. Nor can we conceive of any justification for the imposition of such a rule. The covenant must be ancillary to an employment relationship but this relationship may be established without a written contract. See Fawcett v. Monongahela Railway Co., 391 Pa. 134, 139, 137 A.2d 768, 771 (1958).
Courts have consistently held that the taking of employment is sufficient consideration for a covenant not to compete. *85 Capital Bakers v. Townsend, 426 Pa. 188, 190, 231 A.2d 292, 293 (1967). An employee's promotion to a new position within the company also constitutes sufficient consideration. Jacobson & Co. v. International Environment Corp., 427 Pa. 439, 449, 235 A.2d 612, 618 (1967). However, the covenant must be executed contemporaneously with the exchange of consideration. Capital Bakers 426 Pa. at 190-91, 231 A.2d at 293-94. In Capital Bakers, a salesman executed a restrictive covenant when he was hired. He later executed a supplementary covenant without any change in his employment status. Our Supreme Court refused to enforce the second covenant because it was not executed contemporaneously with the exchange of consideration. The Court allowed enforcement of the original covenant. Id.
Washburn executed the restrictive covenant contemporaneously upon his promotion to salesperson. Therefore, the trial court correctly ordered enforcement of this agreement. However, Himmelreich executed a series of such covenants. But only the 1979 agreement was coincident in time with the exchange of consideration because that is when Records Center hired her. The trial court's injunction enforces the terms of the 1984 covenant even though there was no change in Himmelreich's employment status at that time. The only covenant executed by Himmelreich which was supported by consideration was that agreed to in 1979. This covenant restricts her freedom to compete with Records Center in only Massachusetts, New York, New Jersey, Connecticut, and Pennsylvania. Therefore, the trial court's preliminary injunction is overbroad as to Himmelreich because it restricts her from competing in the abovecited states as well as Rhode Island, Vermont, New Hampshire, and Delaware. However, except for this error, the injunction is proper as to Himmelreich and Washburn.
Appellants have also claimed that the restrictive covenants at issue should not be enforced because Records Center has an adequate remedy at law in that it may sue for damages. We disagree. It is true that an injunction is *86 an extraordinary remedy which should not issue if the parties may be adequately compensated by damages. Bronstein v. Sheppard, 50 Pa.Commw. 199, 200, 412 A.2d 672, 673 (1980). However, the injury caused by violation of a covenant not to compete is particularly difficult to quantify for damage purposes. As stated in Schwartz v. Laundry & Linen Supply Drivers, 339 Pa. 353, 14 A.2d 438 (1940): "The great weight of modern authority is to the effect that one who has been or will be injured [by violation of a covenant not to compete] is ordinarily entitled to the equitable remedy of injunction . . . ." Id., 339 Pa. at 357, 14 A.2d at 440. The Pennsylvania Supreme Court has also stated that such covenants are prima facie enforceable in equity. Bettinger v. Carl Berke Assocs., Inc., 455 Pa. 100, 103, 314 A.2d 296, 298 (1974).
In Bryant Co. v. Sling Test & Repair, 471 Pa. 1, 369 A.2d 1164 (1977), the Court explained why equitable relief is almost always necessary in these cases. The Court stated that "[t]he covenant seeks to prevent more than just the sales that might result by the prohibited contract but also the covenant is designed to prevent a disturbance in the relationship that has been established between [the former employer] and their accounts through prior dealings. It is the possible consequence of this unwarranted interference with customer relationships that is unascertainable and not capable of being fully compensated by money damages." Id., 471 Pa. at 8, 369 A.2d at 1167. This is the very interest which the trial court sought to protect by its order in the case now before us.
Finally, Records Center requests that we dismiss this appeal because it is improper. Appellee claims that the appellants have appealed from the trial court's denial of their motion requesting that the court dissolve the preliminary injunction and not from the issuance of the injunction itself. An injunction may be dissolved only upon a showing of changed circumstances. Ladner v. Siegel, 298 Pa. 487, 497, 148 A. 699, 702 (1930). See also Tamagno et al. v. *87 Waiters and Waitresses Union, 373 Pa. 457, 460, 96 A.2d 145, 146 (1953); Dravosburg Hous. Ass'n. v. Dravosburg Borough, 71 Pa.Commw. 144, 148, 454 A.2d 1158, 1161 (1983). Records Center correctly states that the appellants have failed to allege that the applicable circumstances have in any way changed since the injunction was entered. However, appellants' notice of appeal demonstrates that they actually appealed from the court's grant of the injunction as well as the order refusing to dissolve. Though their brief states that they appealed only from the court's order refusing to dissolve the injunction, that statement is in error. Therefore, the validity of the injunction was properly before this court.
Furthermore, on this appeal, the appellants have confined themselves to challenging the validity of the preliminary injunction. Appellee has responded ably to these arguments. Therefore, neither party has been prejudiced by any procedural confusion caused by appellant's lack of clarity.
Because of our disposition of this matter, the issue of changed circumstances is moot as to every appellant but Washburn. Since Washburn failed to demonstrate changed circumstances, he was not entitled to dissolution of the injunction. Ladner, supra. Therefore, to the extent the issue is before us, the trial court's refusal to dissolve the preliminary injunction was correct.
The preliminary injunction of the Court of Common Pleas of Delaware County is affirmed in part and reversed and remanded in part. It is affirmed as to Washburn and remanded as to Himmelreich, Comprehensive and Bannon so that the preliminary injunction may be modified in accordance with this opinion. The court's refusal to dissolve the injunction is affirmed though that issue is moot as to every party but Washburn.
Order of May 28, 1986 is affirmed in part and reversed and remanded in part. Order of June 16, 1986 is affirmed.