535 A.2d 291

Lloyd V. Chambliss *v.* City of Philadelphia, American Federation of State, County & Municipal Employees, District Council 47, AFL-CIO, and Kirschner, Willig, Weinberg & Dempsey. City of Philadelphia, Appellant.

Argued September 18, 1987, before Judges COLINS, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Jesse Milan, Jr.,* Chief Assistant City Solicitor, for appellant.

*Robert A. Davitch, Sidkoff, Pincus & Green, P.C.,* for appellee.

OPINION BY JUDGE PALLADINO, December 31, 1987:

The City of Philadelphia (City) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted a preliminary injunction to Lloyd V. Chambliss and ordered him reinstated

to his former employment with the City.[1] For the reasons set forth below, we reverse.[2]

In 1971, Chambliss was hired as an Area Youth Worker with the City's Department of Welfare. On January 8, 1979, Chambliss was injured in a work-related accident for which he was placed on disability leave. As a result of emotional difficulties associated with his injuries and absence from work, Chambliss began psychiatric treatment with Dr. Clancy D. McKenzie in May of 1980, such treatment continuing until the end of 1982.

On August 4, 1980, Chambliss returned to work. However, approximately one week later, Chambliss failed to appear for work, and the City subsequently separated him from employment under the Philadelphia Civil Service Regulations for job abandonment.

Following his separation, Chambliss filed a grievance against the City under the terms of the relevant Collective Bargaining Agreement alleging harassment and related charges. The controversy went to binding arbitration, and hearings were held on April 12, 1983 and May 2, 1983. At the hearings, Dr. McKenzie testified that Chambliss had suffered severe depression as a result of his physical injuries but that this disorder finally subsided towards the end of 1982.

The arbitrator subsequently ruled in favor of Chambliss and ordered the City to reinstate him to his position as of July 28, 1983. The City did not appeal the arbitrator's award. In anticipation of his return to work,

---

[1] In response to Chambliss' motion for preliminary injunction, the trial court held evidentiary hearings on October 16, 21 and 22, 1986. Thereafter, the trial court issued an order granting Chambliss' motion on October 23, 1986. The subject of this appeal is that grant of preliminary injunction.

[2] On November 17, 1987, this case was reassigned to the authoring judge.

Chambliss reported to the City's medical dispensary for a medical examination pursuant to Philadelphia Civil Service Regulation 9.1411.[3] At the examination, the treating physician requested Chambliss to release all of Dr. McKenzie's psychiatric records pertaining to his treatment of Chambliss. Chambliss initially executed a release of records. However, he later revoked the release following conversations with Dr. McKenzie, stating that the file contained some personal and confidential material. When Dr. McKenzie failed to release Chambliss' file, the City refused to reinstate him to his former position.

On August 27, 1985 Chambliss filed a complaint in civil action with the trial court seeking reinstatement, back pay and damages based upon both his employment contract with the City and the Federal Civil Rights Act, 42 U.S.C. §1983.[4] On August 13, 1986, Chambliss filed a motion for a preliminary injunction and writ of mandamus against the City, seeking immediate reinstatement pending the conclusion of his principal litigation. The trial court granted Chambliss' motion[5] on October 12, 1987, and the City has appealed this order to this

[3]Philadelphia Civil Service Regulation 9.1411 states:
An employee who is reinstated or has been absent from work for a period of three (3) months or longer due to layoff, illness, leave without pay, or military leave shall be required to pass satisfactorily a medical examination before being returned to work.

[4] Chambliss also sued AFSCME, District Council 47, and the law firm of Kirschner, Waltin, Willig, Weinberg & Dempsey for damages for breach of duty of fair representation. These claims, however, are not relevant to the present appeal.

[5] The trial court ordered that Chambliss be reinstated upon completion of another medical examination and that the City may compel Dr. McKenzie to provide certain limited information. The order also permitted the City to require Chambliss to undergo a limited psychiatric examination by a neutral psychiatrist.

court. Before us[6] at this time, therefore, is the limited issue of whether the trial court properly granted Chambliss' preliminary injunction for reinstatement.

In *Willman v. Children's Hospital of Pittsburgh,* 505 Pa. 263, 269, 479 A.2d 452, 455 (1984) (quoting *Zebra v. Pittsburgh School District,* 449 Pa. 432, 437, 296 A.2d 748, 750 (1972)), the Pennsylvania Supreme Court stated:

> In order to sustain a preliminary injunction, the plaintiff's right to relief must be clear, the need for relief must be immediate, and the injury must be irreparable if the injunction is not granted.

With regard to the irreparable harm element of the test, the Supreme Court of the United States has stated:

> The key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. *The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.*

*Sampson v. Murray,* 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Assn. v. Federal Power Commission,* 259 F.2d 921, 925 (D.C. Cir. 1958)) (emphasis added).

In his action against the City, Chambliss seeks reinstatement to his former position as an Area Youth Worker pursuant to the prior award of an arbitrator. Should he prevail,[7] he will be entitled, as the trial court recog-

---

[6] Our scope of review of a trial court's order sustaining a preliminary injunction is limited to a determination of whether there were any reasonable grounds to support the trial court's action. *Bell v. Thornburgh,* 491 Pa. 263, 420 A.2d 443 (1980).

[7] The trial court expressed its opinion that there was no doubt that Chambliss would prevail in his action against the City, one of

nized, to monetary damages to compensate him for lost wages as well as any other monetary damages the trial court shall deem appropriate. Despite that, the trial court concluded that the harm currently being suffered by Chambliss is irreparable in a legally cognizable sense because "no award of lost wages can provide this plaintiff with the therapeutic and psychic benefits of his return to work."[8]

We cannot agree with the trial court's conclusion. The expert testimony of Dr. McKenzie, Chambliss' psychiatrist, clearly shows that as of 1983 Chambliss' past depression had subsided, that he is currently no longer in need of psychiatric treatment, and that he is fully able to return to work. It follows that Chambliss is therefore in the same position as any other individual who seeks reinstatement to his or her former job in an action against the former employer. It is undisputed that such individuals will be fully compensated for lost wages and other damages should they prevail upon the merits of their actions. While we remain sympathetic to the plight Chambliss has experienced in seeking his job back, we are not prepared to hold that the mere denial of reinstatement pending litigation constitutes an irreparable harm to all of such individuals mandating that preliminary injunctions shall issue. Therefore, we conclude that the trial court did not have reasonable grounds to sustain the preliminary injunction.

Accordingly, the order of the trial court granting a preliminary injunction is reversed.

---

the elements necessary for grant of a preliminary injunction. While the trial court may be correct in its analysis regarding the protections afforded to patient-psychiatrist confidential disclosures, we do not reach that issue in this preliminary injunction proceeding because we conclude that Chambliss has not established the irreparable harm element.

[8] *Chambliss v. City of Philadelphia*, 14 Phila. 636, 640 (1986).

## ORDER

AND NOW, December 31, 1987, the order of the Court of Common Pleas of Philadelphia County granting a preliminary injunction in the above-captioned matter is reversed.

Judge COLINS dissents.

---

CONCURRING OPINION BY SENIOR JUDGE KALISH:

I concur with the majority opinion insofar as it reverses the decision of the trial court.

However, since this was an action carved within the framework of a civil rights action pursuant to 42 U.S.C. §1983[1] the trial court based its grant of a preliminary injunction on the nature of that action, without any evidence whatsoever of the nature of the communications between Chambliss and the psychiatrist, holding that there is no doubt that Chambliss would prevail on the merits, requires some explanation because I feel that there is a misconstruction of the nature of the section 1983 action.

The first inquiry in any section 1983 action is whether the plaintiff has been deprived of any right secured by the Constitution and laws of the United States.

Whether or not there is a deprivation of a right of privacy of a constitutional dimension, permitting a section 1983 action is more elusive than the trial court suggested. While a right of privacy, not particularly articulated in the Constitution, may show constitutional

---

[1] Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subject, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

protection in common with explicit guarantees, *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 at 991 (1980), not every such intrusion constitutes a deprivation of the constitutional right of privacy for civil rights action within the meaning of section 1983. *Parratt v. Taylor,* 451 U.S. 527, 68 L.Ed.2d 420 (1981).[2] Libel and slander, for example, classic invasions of the right of privacy, have been held not to be within the purview of section 1983. *Fleming v. Moore,* 780 F.2d 438 (1985), *cert. denied,* 106 S.Ct. 1644, 90 L.Ed.2d 189 (1986); *Keen v. Philadelphia Daily News,* 325 F. Supp. 929 (E.D. Pa. 1971); *Peoples Cab Co. v. Bloom,* 330 F. Supp. 1235 (W.D. Pa. 1971).

Far from being absolutely certain that Chambliss would prevail on the merits, an examination of the myriad of cases on this point casts a doubt that there even is

---

[2] The writer is aware of the recent opinions of *Daniels v. Williams,* 474 U.S. 327, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon,* 474 U.S. 344, 88 L.Ed.2d 677 (1986), but felt it was not necessary to cite them since they did not overrule the substance of *Parratt.* "Upon reflection, we agree and overrule *Parratt* to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty or property under the Fourteenth Amendment." *Daniels* at 330-31, 88 L.Ed.2d at 668.

These cases show that not every constitutional violation constitutes a basis for a section 1983 action for damages for deprivation of a constitutional right. *Parratt* indicated that mere negligence by a state official may constitute a constitutional deprivation for such action, whereas, *Daniels* adopted and agreed with the reasoning of Justice POWELL, who concurred in the result of the *Parratt* case, but argued that the negligent acts of state officials are not actionable in a section 1983 action and that such an action would be a gross distortion of the intent of the Constitution.

*Daniels* fortifies the premise of my opinion that the trial court's opinion that Chambliss would prevail on the merits is not so clear for the reasons stated therein and that no preliminary injunction is warranted.

a reasonable probability of success on the merits, which is all that is required as one of the factors in issuing a preliminary injunction.

Without any knowledge of the evidence, it seems that the trial judge should not intimate an opinion about the ultimate merits of the case or that there was a denial of due process.