555 A.2d 962

John B. Keen and Fraternal Order of Police, Lodge No. 5 *v.* City of Philadelphia and Kevin M. Tucker. City of Philadelphia, Appellant.

Argued December 16, 1988, before Judges PALLADINO and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Steven K. Ludwig,* Assistant City Solicitor, with him, *Ralph J. Teti,* Chief Deputy City Solicitor, and *Susan Shinkman,* Divisional Deputy City Solicitor, for appellant.

*Anthony J. Molloy, Jr.,* with him, *Robert B. Mozenter, Mozenter, Molloy & Durst,* for appellees.

OPINION BY JUDGE PALLADINO, March 16, 1989:

The City of Philadelphia (Appellant) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) granting a preliminary injunction which directed Appellant to restore and continue the salary of John B. Keen (Appellee). We reverse.

Appellee was employed as a police officer by the City of Philadelphia. On January 20, 1988, Appellee was suspended without pay from his position after he was arrested by his commanding officer for simple assault, aggravated assault, reckless endangerment of another person, possession of an instrument of crime, and possession of a prohibited offensive weapon.[1] At the time Appellee was suspended, he was given a copy of the arrest warrant and was read his *Miranda* rights. When asked to respond to the charges, Appellee invoked his privilege against self-incrimination. Appellee was thereupon given a written notice of suspension for thirty (30) days with intent to dismiss.[2]

---

[1] The arrest on these charges stemmed from an alleged off-duty altercation between Appellee and another individual. The charges of possession of an instrument of crime and possession of a prohibited offensive weapon were dismissed prior to the entry of the trial court's preliminary injunction.

[2] Philadelphia Police Department Directive No. 79 (Directive No. 79) mandates that the commanding officer of a police officer

Appellee and the Fraternal Order of Police, Lodge No. 5 (FOP) filed a grievance, alleging that the suspension violated the collective bargaining agreement to which FOP and the City of Philadelphia were parties. In addition, on January 21, 1988, Appellee and FOP filed an action in equity with the trial court seeking declaratory and injunctive relief against Appellant and Kevin M. Tucker, the Philadelphia Police Commissioner.[3] By order dated January 22, 1988, the trial court issued a temporary restraining order, directing Appellant to resume Appellee's salary as of January 20, 1988 and to continue his salary until Appellant complied with Philadelphia Civil Service Regulation 17.01.[4]

On January 22, 1988, subsequent to the entry of the trial court's order, Appellant gave Appellee a written notice of intent to dismiss and again discontinued his

---

arrested-for off-duty conduct immediately suspend the arrested officer for thirty (30) working days pending further action by the Police Commissioner. Joint Exhibit No. 3.

[3] The complaint alleged that the disciplinary procedures followed by Appellant and the Philadelphia Police Department in this case violated the Philadelphia Home Rule Charter, Local Agency Law, and Philadelphia Civil Service Regulations. In addition, Appellee alleged that he was denied due process and equal protection. Appellee requested that the trial court declare that the disciplinary procedures of the Philadelphia Police Department violated Article I, section 9 of the Pennsylvania Constitution, the Local Agency Law, and Philadelphia Home Rule Charter. Appellee also requested that the trial court enjoin Kevin Tucker, the Philadelphia Police Commissioner, from suspending him without conforming to the requirements of the aforementioned laws.

[4] Regulation 17.01 of the Philadelphia Civil Service Regulations provides that dismissals or demotions after the completion of an employee's probationary period may be for just cause only. This section further states that, at least ten (10) days prior to the dismissal or demotion, the appointing authority must notify the employee in writing of the intent to dismiss or demote along with the specific reasons for the intended action and the facts underlying those reasons. Within ten (10) days, the employee may reply in writing.

salary. Joint Exhibit No. 5. The notice provided that Appellee's dismissal would be effective in ten (10) days and advised Appellee that if he believed the intended action was not justified, he was required to respond in writing within the ten day period. The written notice stated that Appellee's off-duty conduct constituted conduct unbecoming an officer and noted that Appellee had been arrested for the conduct. The notice also stated: "You are hereby notified for the same reasons you were suspended without pay from your position effective at the beginning of business on January 20, 1988 for thirty (30) days or until your prior dismissal." Joint Exhibit No. 5.

By order dated January 27, 1988, the trial court granted Appellee's motion for a preliminary injunction and directed Appellant to resume Appellee's salary. Appellant appealed the preliminary injunction to this court.[5] Appellee filed an application to vacate the automatic supersedeas, which was granted by the trial court by order dated March 28, 1988. By order dated March 31, 1988, a single judge of this court granted Appellant's application for supersedeas.

On appeal to this court,[6] Appellant asserts that the trial court erred in granting a preliminary injunction

---

[5] Appellant previously filed preliminary objections to Appellee's complaint, contending that Appellee failed to state a cause of action for which declaratory relief could be granted. Additionally, Appellant asserted that the complaint should be stricken for lack of conformity to the Pennsylvania Rules of Civil Procedure. By order dated May 25, 1988, the trial court dismissed the preliminary objections and directed Appellant to file an answer within twenty (20) days.

[6] Our scope of review of a trial court's order granting a preliminary injunction is limited to a determination of whether there were any reasonable grounds to support the trial court's action. *County of Allegheny v. Commonwealth of Pennsylvania*, 518 Pa. 556, 544 A.2d 1305 (1988). Only if it is claimed that no grounds exist to support the injunction or that the rule of law relied upon was palpably erroneous or misapplied will this court interfere. *T.W. Phillips Gas and Oil Company v. Peoples Natural Gas Company*, 89 Pa. Commonwealth Ct. 377, 492 A.2d 776 (1985).

requiring Appellant to restore and continue Appellee's salary. Appellant contends that Appellee has not established that he will suffer irreparable harm in the absence of the injunction nor that his right to relief is clear.

The standard for granting a preliminary injunction is as follows:

'[F]irst, that it is necessary to prevent immediate and irreparable harm which could not be compensated by damages; second, that greater injury would result by refusing it than granting it; and third, that it properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct .... Even more essential, however, is the determination that the activity sought to be restrained is actionable, and that the injunction issued is reasonably suited to abate such activity. And unless the plaintiff's right is clear and the wrong is manifest, a preliminary injunction will not generally be awarded ....'

*City of Philadelphia v. District Council 33*, 112 Pa. Commonwealth Ct. 90, 100-101, 535 A.2d 231, 236 (1987) (quoting *New Castle Orthopedic Associates v. Burns*, 481 Pa. 460, 464, 392 A.2d 1383, 1385 (1978)). The first requirement, then, for the issuance of a preliminary injunction is a showing of immediate and irreparable harm which cannot be compensated by damages. *See Chambliss v. City of Philadelphia*, 112 Pa. Commonwealth Ct. 290, 535 A.2d 291 (1987).

In this case, the trial court determined that, because an officer is automatically suspended if arrested for off-duty conduct, per Directive No. 79, such a suspension is the functional equivalent of a discharge. Accordingly, the trial court concluded that Appellant and Police Commissioner were required to follow the procedures applicable to dismissals, *i.e.*, notice and opportunity to be heard as

provided in Philadelphia Civil Service Regulation 17.01. The trial court concluded that Appellant's failure to comply with this procedure violated Appellee's due process rights and constituted irreparable harm *per se*.[7] In its opinion in support of its order, the trial court stated as follows:

> If on the other hand, as here, what is really done is a dismissal, the immediate cessation of all benefits (under the guise of a thirty day suspension without pay) adds to the traumatizing effect of the arrest. It hinders the officer's ability to marshall his financial and psychological resources to defend against the most serious economic consequences that can possible [sic] be inflicted upon him. To be so hasty to take away his pay, even for thirty days, is nothing more than added punishment and discipline superimposed on the determination to dismiss.

*Keen v. City of Philadelphia* (No. 3466, January Term, 1988), slip op. at 7.

In concluding that a violation of constitutional rights constitutes irreparable harm *per se*, the trial court relied upon the United States Supreme Court's decision in *Elrod v. Burns*, 427 U.S. 347 (1976). In *Elrod*, non-civil service employees in Illinois brought an action for declaratory and injunctive relief, alleging that their first amendment rights of association had been violated because they had been discharged, or threatened with discharge, from employment on the basis of political affiliation. The

---

[7] The trial court noted that, pursuant to Directive No. 79, employees are suspended with intention to dismiss while in a custodial interrogation setting, without notice of departmental charges or an opportunity to respond without waiving the privilege against self-incrimination. *Keen v. City of Philadelphia* (No. 3466, January Term, 1988), slip op. at 8.

United States District Court for the Northern District of Illinois denied the employees' request for a preliminary injunction for failure to establish irreparable harm; the United States Court of Appeals for the Seventh Circuit reversed. In upholding the decision of the court of appeals, the United States Supreme Court concluded that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm." 427 U.S. at 373.

We find that *Elrod* is distinguishable from this case. *Elrod* involved employees who were discharged, or threatened with discharge, for the exercise of a constitutional right, namely, association with a particular political party. In this case, Appellee was discharged because he had been arrested for off-duty conduct.

Further, the trial court determined that the combined suspension-dismissal violated the Philadelphia Home Rule Charter and Philadelphia Civil Service Regulations.[8] The trial court concluded that the Police Commissioner could not use a suspension without pay as the starting point of a dismissal.

---

[8] Section 7.7-303 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-303, provides that dismissals, demotions, and suspensions shall be for just cause only. Section 7.7-401 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-401(p-q), states that civil service regulations are to provide for suspensions of not more than thirty days and that the regulations are to provide that discharge or reduction in rank shall be effected only after the employee is apprised of the reasons for the contemplated action and given an opportunity to respond. Philadelphia Civil Service Regulation 2.46 defines "suspension" as an employee's temporary and involuntary separation from City employment for a disciplinary purpose or pending investigation of charges made against the employee. Philadelphia Civil Service Regulation 17.04 states that suspensions without pay may be made at any time for just cause and that notice must be given to the employee. This regulation also provides that each suspension is not to exceed thirty (30) calendar days.

Assuming, without deciding, that the trial court is correct in its analysis of procedure employed by Appellant and the Police Commissioner, we nevertheless conclude that Appellee has not established that he will suffer irreparable harm in the absence of an injunction. The United States Supreme Court has held that:

> 'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Assn. v. Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958)). Review of Appellee's complaint and motion for preliminary injunction discloses that Appellee has alleged no facts to support his assertion that he will suffer irreparable harm.[9] While we are sympathetic to Appellee's plight, we do not believe that the denial of one's salary pending the outcome of the instant action constitutes irreparable harm warranting a preliminary injunction.[10] Should Appellee prevail on the

---

[9] At a hearing held prior to the entry of the temporary restraining order, the trial court stated:

> If a person is on a salary and if he is without pay, and admittedly there is a right to sue for back pay, that doesn't in my judgment mean there is no irreparable harm, because in the meantime you can go bankrupt. You can cause enormous emotional and traumatic damage to ones [sic] family, to ones [sic] children, and so forth.

Transcript at 5, Hearing of January 22, 1988. Although no evidence was presented to demonstrate that Appellee would in fact suffer these types of harm, even if Appellee had presented such evidence, this would not be sufficient to establish irreparable harm.

[10] We note that the trial court's order merely directs Appellant to resume and continue Appellee's salary. Appellant was not required

merits of his claims, he can seek reinstatement, back pay, and damages. Therefore, we conclude that the trial court did not have reasonable grounds to sustain the preliminary injunction.

Accordingly, we reverse.

ORDER

AND NOW, March 16, 1989, the order of the Court of Common Pleas of Philadelphia County granting a preliminary injunction in the above-captioned matter is reversed.

by the terms of the order to reinstate Appellee to his former position nor to provide him with an alternate position. Appellee does not argue to this court that the relief afforded to him by the trial court in its preliminary injunction was inadequate.