578 A.2d 56

The BOROUGH OF EMPORIUM, Appellant,

v.

KEYSTONE AIRPORT AUTHORITY, an unincorporated association by Richard Sanderson, trustee ad litem, Appellee.

The BOROUGH OF EMPORIUM, Appellant,

v.

KEYSTONE AIRPORT AUTHORITY, an unincorporated association by Richard Sanderson, Trustee ad litem, Appellee.

Commonwealth Court of Pennsylvania.

Argued April 2, 1990.

Decided July 9, 1990.

Reargument Denied August 28, 1990.

John E. Rydesky, John E. Rydesky, P.C., Emporium, for appellant.

Anthony B. Trambley, St. Marys, for appellee.

Before DOYLE and PALLADINO (P.), JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

The Borough of Emporium (Borough) appeals from two orders of the Court of Common Pleas of Cameron County (trial court). Borough appeals from the trial court's grant of Keystone Airport Authority's (Authority) motion for a mandatory preliminary injunction. Also, Borough appeals from trial court's denial of post-trial motions following trial court's stay of Borough's automatic supersedeas from the mandatory preliminary injunction. Both appeals were consolidated for our review. We reverse.

The undisputed facts are as follows. Authority is an unincorporated association that manages and operates the

Keystone Airport (Airport).[1] The Airport is located on property dedicated by Borough for public purposes as an airport. Borough has permitted Authority to operate and use the Airport without any formal written agreement.

Authority applied for a renewal of a General Services Airport License (license) from the Department of Transportation, Bureau of Aviation (DOT). DOT issued a license in the name of the Authority only, effective July 1, 1987 to June 30, 1990. Prior licenses had been issued jointly to Borough and Authority. Borough alerted DOT that the license was issued to Authority only.

DOT reissued the license in the name of Borough only with a new term of March 3, 1989 to March 2, 1992. Upon receipt of the new license, Borough Council voted to reject it and returned it to DOT because Borough did not apply for the license. DOT treated the return of the license as a cancellation and notified Borough that the Airport would no longer be grandfathered under past DOT regulations. To obtain a new license, the Airport would be required to comply with current DOT regulations.

Authority filed a complaint in equity seeking to compel Borough to apply to DOT for reinstatement of the cancelled license. Subsequently, Authority filed a motion for a preliminary injunction incorporating the complaint in equity. Following a hearing, trial court entered an order directing Borough to reapply for the license in its grandfathered status. Borough appealed which operated as an automatic supersedeas in favor of Borough pursuant to Pa.R.A.P. 1736(b). This appeal is docketed at 1880 C.D. 1989.

Authority filed an application with trial court for an order restoring the mandatory preliminary injunction. Trial court

1. Authority is an unincorporated association of pilots who termed themselves the Airport Authority. There is no written or oral agreement between Authority and Borough that would outline the responsibilities of Authority. We note that Borough has filed preliminary objections asserting that Authority is a non-entity at law and therefore not a real party in interest. Trial court has stayed disposition of the preliminary objections until resolution of the issues raised in this appeal.

ordered the injunction restored. Borough filed a motion for post-trial relief. Trial court denied post-trial relief and Borough appealed. This appeal is docketed at 2376 C.D. 1989.

### 1880 C.D. 1989

On appeal, Borough raises the following issues: 1) whether trial court lacked the authority to compel Borough to perform a legislative function; and 2) whether Authority failed to exhaust its administrative remedies.

Our scope of review of a trial court's order granting a preliminary injunction is limited to a determination of whether there were any reasonable grounds to support the trial court's action. *Keen v. City of Philadelphia*, 124 Pa.Commonwealth Ct. 213, 555 A.2d 962, *petition for allowance of appeal denied*, 524 Pa. 600, 568 A.2d 1250 (1989). Only if it is plain that no grounds exist to support the injunction or that the rule of law relied upon was palpably erroneous or misapplied will this court interfere. *Id.* However, in the rare case where preliminary injunctive relief is affirmative, a reviewing court will engage in closer scrutiny and will insist that a clear right to relief in the plaintiff be established. *City of Philadelphia v. District Council 33*, 112 Pa.Commonwealth Ct. 90, 101, 535 A.2d 231, 236 (1987), *petition for allowance of appeal granted*, 520 Pa. 608, 553 A.2d 970 (1988). In the case at hand, trial court clearly ordered Borough to perform an affirmative act. Therefore, we must review trial court's decision with close scrutiny and insist that Authority demonstrate a clear right to the requested relief.

The standard for granting a preliminary injunction is as follows:

[F]irst, that it is necessary to prevent immediate and irreparable harm which could not be compensated by damages; second, that greater injury would result by refusing it than by granting it; and third, that it properly restores the parties to their status as it existed immedi-

ately prior to the alleged wrongful conduct.... Even more essential, however, is the determination that the activity sought to be restrained is actionable, and that the injunction issued is reasonably suited to abate such activity. And unless the plaintiff's right is clear and the wrong is manifest, a preliminary injunction will not generally be awarded.... (citations omitted).

*Keen,* 124 Pa.Commonwealth Ct. at 217, 555 A.2d at 964 (1989).

As to the first issue, Borough argues that trial court does not have the authority to impose the responsibility of obtaining an airport license upon Borough and that Borough's adoption of a formal resolution rejecting the license was within its legislative duties and powers.

A review of the trial court's order reveals that it held that "immediate harm will occur to Plaintiff, Keystone Airport Authority, and the general public if the relief requested by Plaintiff's Motion is not granted."[2] Trial court also found that there was no adequate remedy at law.

Although immediate harm to the plaintiff and no adequate remedy at law are elements that must be met before an injunction can be issued, the key requirement for a mandatory preliminary injunction is that the plaintiff must demonstrate a clear right to relief. *City of Philadelphia.* Nowhere does trial court make a finding that Authority has a clear right to relief. At the hearing, trial court made vague reference to prior decisions, not made part of the record, involving Airport and Borough's dedication of the land for airport purposes. However, these references do not explain, nor may we speculate, how or why Borough's decision to return the license constitutes such an abuse of discretion that would justify trial court's overruling of Borough's legislative decision.

**2.** *Keystone Airport Authority v. Borough of Emporium,* (No. 89–1057, Cameron County, June 19, 1989).

Therefore, although it may be desirable to keep the Airport open, no clear right to force Borough to apply for an Airport license has been established. Accordingly, the order of the trial court is reversed.

### 2376 C.D. 1989

■ In this appeal, Borough asserts that trial court did not have jurisdiction to stay the automatic supersedeas resulting from Borough's appeal in 1880 C.D. 1989. Because we ruled above that the mandatory preliminary injunction was improperly entered, this appeal is now moot.[3] Accordingly we dismiss the appeal.

### ORDER

AND NOW, July 9, 1990, the order of the Court of Common Pleas of Cameron County entered June 19, 1989 granting a mandatory preliminary injunction is reversed. The Borough of Emporium's appeal at 2376 C.D. 1989 is dismissed as moot.

CRUMLISH, Jr., former President Judge, did not participate in the decision in this case.

---

3. Although we have determined that this appeal is moot, we note that, pursuant to Pa.R.A.P. 1736(b), trial court had the authority to vacate an automatic supersedeas and an appeal from that order is interlocutory. The proper procedure would be for Borough to petition this court for reinstatement of the automatic supersedeas. *See McCloskey v. Independence Cablevision Corp.*, 74 Pa.Commonwealth Ct. 435, 460 A.2d 1205 (1983).