500 A.2d 476

**WAINWRIGHT'S TRAVEL SERVICE, INC.**

v.

**Sigrid SCHMOLK and Hawaiian Fantasy, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Nov. 8, 1985.

200

Anthony F. LoFrisco, Philadelphia, for appellants.

Marc J. Sonnenfeld, Philadelphia, for appellee.

Before McEWEN, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from the final decree of June 14, 1985 enforcing the injunction of February 8, 1985, which prohibits appellant/Schmolk from continuing her employment with appellant/Hawaiian Fantasy, Inc. (hereinafter Fantasy). It also prohibits her participation or assistance in its business in any way for a period of one year either from the date she ceases to be a shareholder in Wainwright's Travel Service, Inc. (hereinafter Wainwright's), or from the date she tenders her shares to Wainwright's.

The basis of the injunction is a restrictive employment covenant contained within a "Shareholder Agreement" entered into by appellant/Schmolk on November 2, 1978, while an employee of Wainwright's, and contemporaneously with the signing of a "Purchase Agreement" for twenty shares of Wainwright stock.

The restrictive covenant reads as follows:

The Shareholders agree that while they are shareholders and/or directors and for twelve (12) months thereafter, that they will not compete directly or indirectly with the business of the Corporation within its service and trade area of Pennsylvania, New York, New Jersey, Delaware and Maryland.

Plaintiff's exhibit 1.

Appellants raise four issues on appeal: 1) the covenant not to compete is unenforceable because it is in a shareholder agreement as opposed to an employment agreement; 2) Schmolk is not a shareholder because she paid only $6,000 of the agreed purchase price of $20,000; 3) the covenant not to compete is not supported by adequate consideration; and 4) the covenant is not reasonable in time and geographic scope.

In examining a final decree in equity, our scope of review is limited and the decree will not be disturbed absent an error of law or abuse of discretion. *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059 (1980); *Rosen v. Rittenhouse Towers,* 334 Pa.Super. 124, 482 A.2d 1113 (1984).

■■■■ A court sitting in equity may issue an injunction to enforce a covenant not to compete where it is ancillary to an employment relationship between parties to the covenant. *John G. Bryant Co. v. Sling Testing and Repair Inc.,* 471 Pa. 1, 369 A.2d 1164 (1977); *Sidco Paper Co. v. Aaron,* 465 Pa. 586, 351 A.2d 250 (1976). It is only necessary that it be ancillary to another agreement incident to an employment relationship between the parties. The stock purchase agreement, offered to appellant because of her status as a key employee of the corporation, is sufficiently related to the employment relationship to meet this requirement. *See* N.T. 3/5, 6/85 pp. 15, 45, 46. To be enforceable, the covenant must be reasonably necessary for the protection of the party seeking to enforce it and the restriction must be reasonably limited in duration and geographic extent. *Bryant, supra.* In addition, the covenant must be supported by adequate consideration. *George W. Kistler, Inc. v. O'Brien,* 464 Pa. 475, 347 A.2d 311 (1975).

■■■ Appellants contention, that failure to pay the full price for the twenty shares listed on the agreement prohibits appellant/Schmolk from assuming shareholder status, does not comport with the situation as it existed.

Schmolk, from the time of the agreement, was by all indications a shareholder. A stock certificate was issued in Schmolk's name and held by the escrow agent as called for by the terms of the agreement (Plaintiff's exhibits 2 and 8). She had paid $5,000 initially which entitled her to ownership of five shares. The minutes of corporate meetings signed by Schmolk designate her as a shareholder. In all respects she was treated as and entitled to the rights of a shareholder. The clear intent of all parties to the purchase agreement was that Schmolk would become a stockholder imme-

diately upon payment of the $5,000 as opposed to 1993 when the final payment came due.

Title 15 P.S. § 1604 provides in part:

... Shares for which the agreed consideration has been paid, delivered, or rendered to the corporation shall be fully paid shares and non-assessable....

We believe the trial court was correct in finding that even if the purchase agreement is construed as a subscription agreement, to the extent she actually paid for the shares, she was a shareholder.

■■■ The claim that the covenant is not supported by adequate consideration also fails. It is true that where a restrictive covenant is executed after commencement of employment it will not be enforced unless the employee restricting himself receives a corresponding benefit or change in status. *Maintenance Specialties Inc. v. Gottus*, 455 Pa. 327, 314 A.2d 279 (1974). In the present situation, appellant/Schmolk, by entering into the agreement and thereby restricting herself, gained an ownership interest in the corporation. This certainly was a change in status from the one she maintained as an employee. Although immediate monetary gains were not recognized from this change of status, the potential to realize gains existed. She would ultimately benefit from an increase in value of the business and profits, whereas as an employee, she was limited to only those benefits provided to any employee of the firm.

■■■ Appellants' fourth argument is that the covenant is not reasonable in time and geographic scope and would impose an undue hardship on Schmolk. They also assert the restraint is unreasonable because it relates to the time of ownership of the stock rather than the time of termination of employment. We find shareholder status is sufficient to justify continued enforcement of the injunction. As a shareholder in a small closely held corporation, Schmolk would have access to corporate information either through attendance at meetings or review of corporate records. The corporation is reasonable in wanting to protect this informa-

tion from its competitors. It is clear that the "burden is on him who sets up unreasonableness as the basis of contractual illegality to show how and why it is unlawful." (citations omitted) *Bryant, supra,* 471 Pa. at 12, 369 A.2d at 1169. Appellants have failed to demonstrate the unreasonableness of this action.

Insofar as the geographic restrictions are concerned, again appellants have failed to sustain their burden of showing unreasonableness. The five state area is sufficiently restricted so as to encompass Wainwright's primary business area.

In determining whether the enforcement of the covenant would impose an undue hardship on appellant/Schmolk, we must not view this from a singular perspective but rather one which includes both parties to the agreement. The hardship brought upon her by enforcement of the covenant must be reviewed in conjunction with what is reasonably necessary to protect the interest of the employer. *Jacobson and Co. v. Int. Environment Corp.,* 427 Pa. 439, 235 A.2d 612 (1967).

The contacts and goodwill built up by Schmolk are certainly a protectable interest. *Sidco, supra; Bettinger v. Carl Berke Assoc, Inc.,* 455 Pa. 100, 314 A.2d 296 (1974). In addition, the type of information available to Schmolk as a shareholder is justifiably entitled to protection.

The transcript amply demonstrates the key functions performed by Schmolk to the extent that she became president of Wainwright's and completely ran the company (N.T. 3/5, 6/85 pp. 24, 28). It could be reasonably found that Schmolk's employment by Fantasy would cause irreparable harm to Wainwright's by disturbing business relationships established by Schmolk as a representative of Wainwright's and providing insider information to a competitor as to business and publicity strategies.

We do not agree with appellants' contention that enforcement of the covenant excludes employment in the entire travel agency business. While the geographic area outlined

in the agreement is specific as to the states covered and the clientele, groups and services appellant and appellee offer are identical in nature, there are other distribution areas and prospects from which to draw within the travel industry without being in violation of the injunction. It is precisely the targeting of the restricted class and area which makes Schmolk so important to Fantasy and so damaging to Wainwright's. In a more diffuse operation, reasonably available to Schmolk, the damage would be mitigated.

Decree affirmed.