536 A.2d 409

**MODERN LAUNDRY & DRY CLEANING CO., Appellant,**

**v.**

**William FARRER, Individually, d/b/a Farrer Laundry & Dry Cleaning.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1987.

Filed Jan. 19, 1988.

Barbara L. Farley, Philadelphia, for appellant.

Barry M. Miller, Norristown, for appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from the Order entered April 16, 1987, in the Court of Common Pleas of Montgomery County, which dissolved appellant's temporary restraining order and

dismissed his petition for a preliminary injunction. Appellant alleges the lower court erred in declaring that the restrictive employment covenant was invalid, and, consequently, it erred in denying the Motion for Preliminary Injunction. For the following reasons, we reverse and remand the case for determination of the remaining issue, i.e., whether the restrictive covenant is reasonably limited in time and territory.

On November 6, 1972, Modern Laundry and Dry Cleaning Company (Modern) hired William Farrer to work as a route salesman. For approximately one month, Farrer trained as a probationary employee under the supervision of an experienced route salesman on company Route Thirty–Six. During this probation period, Farrer worked without an employment contract. Under Modern's training program, Farrer was taught how to handle a particular route but was not given any responsibility for the route until Modern was satisfied with his performance. Once Modern became confident in Farrer's ability, he was offered full-time employment. In order to assume full-time status, Farrer was required to sign an employment contract. Included in the employment contract was the following restrictive covenant:

> As an inducement to the execution of this agreement, and to any renewal or continuation thereof, it is agreed that in the event Employee shall leave the said employment, or be discharged by Employer, during, or at the expiration of this agreement, or any renewal or extension thereof, the said Employee agrees that he shall not, or will not, directly or indirectly, for the space of one year after ceasing in any manner to be in the employ of the Employer, engage in the laundry business in any form or manner on his own account, or as agent, employee, or in any other capacity, for any other person, firm, company, or corporation, in the route or routes, territory or territories assigned to, covered, or served by him, or within three full squares of any point in or on said territory; and that he will not, directly or indirectly, for himself on his own

account, or as driver, canvasser, or in any other capacity, for any other person, persons, firm, company or corporation, within the route or routes, territory or territories assigned to, covered, or served by him, or within three squares of any point in or on said route or routes, territory or territories, solicit for or do any laundry work, or furnish any laundry service whatsoever, to any customer or customers served by said Employer, whether said customer or customers originally belonged to the Employer or were secured by the Employee, or through his efforts, while in the employ of the Employer.

Once the contract was signed, Farrer assumed complete responsibility for Route Thirty–Six. Farrer continued to service Route Thirty–Six for Modern until January 30, 1987, at which time he notified the company that he was terminating his employment effective immediately.

After Farrer's departure, Modern estimated that from January, 1987, to April, 1987, the company lost approximately 41% of its customers on Route Thirty–Six. In late March, 1987, Modern learned that Farrer had started his own laundry and dry cleaning business and that he was servicing his old route in violation of the restrictive covenant in his employment contract. Modern sought to prevent Farrer from operating his business within his old territory and to gain access to his business records so that the damages to Modern's business could be determined.

On April 7, 1987, Modern filed a Complaint in Equity and a Motion for Temporary Restraining Order and Preliminary Injunction. A temporary restraining order enjoining Farrer from soliciting or servicing any person within "three full squares" of his previous territory was issued. After hearings on April 13, 1987, and April 15, 1987, the lower court ordered the Temporary Restraining Order dissolved and denied the Motion for Preliminary Injunction. This appeal followed.

It is the law of the Commonwealth that for a covenant in restraint of trade to be enforceable, it must meet the following requirements: 1) the covenant must relate to

(be ancillary to) a contract for the sale of the good will of a business or to a contract of employment; 2) the covenant must be supported by adequate consideration; 3) the covenant must be limited in both time and territory. *George W. Kistler, Inc. v. O'Brien,* 464 Pa. 475, 347 A.2d 311, 314 (1975); *Jacobson & Co. v. International Environment Corp.,* 427 Pa. 439, 235 A.2d 612 (1967); *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A.2d 838 (1957). Our courts have consistently held that the taking of employment is sufficient consideration for a restrictive covenant. *Records Ctr. v. Comprehensive Management, Inc.,* 363 Pa.Super. 79, 84–85, 525 A.2d 433, 435 (1987); *Capital Bakers v. Townsend,* 426 Pa. 188, 190, 231 A.2d 292, 293 (1967); *Barb–Lee Mobile Frame Co. v. Hoot,* 416 Pa. 222, 206 A.2d 59 (1965).

▪ In the instant case, the lower court ruled that the employment contract between the parties was not ancillary to his taking of employment, and, therefore, it was invalid and unenforceable. However, the appellant cites cases and the record reveals facts which support appellant's contention that the contract was ancillary to the taking of employment. To be valid the restrictive covenant need not appear in the initial employment contract. *Maintenance Specialities, Inc. v. Gottus,* 455 Pa. 327, 314 A.2d 279, 282 (1974); *Jacobson,* 235 A.2d at 618 (1967); *Kistler,* 347 A.2d at 316. Therefore, the fact that Modern and Farrer did not enter into the contract containing the restrictive covenant at the beginning of Farrer's employment does not automatically invalidate the covenant. As long as the restrictive covenant is an auxiliary part of the taking of employment and not a later attempt to impose additional restrictions on an unsuspecting employee, a contract of employment containing such a covenant is supported by valid consideration and is therefore enforceable. *Beneficial Finance Co. v. Becker,* 422 Pa. 531, 222 A.2d 873 (1966).

▪ In a case similar to the one *sub judice, Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A.2d 838 (1957), the purchaser of a business retained certain

employees on a provisional basis and, one month later, offered them regular employment upon the condition that they sign a covenant not to compete. Our Supreme Court held that because the parties entered into a "regular employment relationship in contradistinction to provisional employment" at the same time the employment contract was signed, the restrictive covenant was ancillary to the employment contract. *Morgan's Home*, 136 A.2d 838, at 845. In the instant case, Farrer began his employment with Modern as a trainee on a strictly provisional basis. After his one month training period, Modern believed Farrer was capable of handling Route Thirty–Six, and, on December 7, 1972, Modern offered Farrer full-time employment, provided he signed an employment contract containing a covenant not to compete. Following the analysis in *Morgan's Home*, the requirement of adequate consideration for the contract is met by Modern's offer of full-time employment coupled with Farrer's signing of the contract containing the covenant not to compete. Consequently, the restrictive covenant would be ancillary to the employment contract and supported by adequate consideration. Thus, the covenant would be valid.

■ Even if this court had determined that the covenant was not ancillary to the taking of employment, the covenant would still be valid. If an employment contract containing a restrictive covenant is entered into subsequent to employment, it must be supported by new consideration which could be in the form of a corresponding benefit to the employee or a beneficial change in his employment status. *George W. Kistler, Inc. v. O'Brien*, 347 A.2d at 316; *Maintenance Specialties, Inc. v. Gottus*, 455 Pa. 327 331, 314 A.2d 279, 281 (1974).

After signing the employment contract, Farrer experienced a significant change in his employment status. He was no longer a provisional employee under the charge of an experienced salesman. Farrer had become his own supervisor solely responsible for the operation of Route Thirty–Six. The case of *M.S. Jacobs & Associates, Inc. v.*

*Duffley,* 452 Pa. 143, 303 A.2d 921 (1973), presents facts resembling the case before us. In *M.S. Jacobs,* prior to signing an employment contract, the employee was paid only a salary while working in support of an experienced salesman. But, after signing the employment contract containing the restrictive covenant, the employee was given his own territory and received a commission on his total sales. Our Supreme Court held that the employee had received a substantial beneficial change in his employment constituting sufficient consideration to support an anti-competition clause in his employment contract. *M.S. Jacobs,* 452 Pa. at 147, 148, 303 A.2d at 922, 923. Likewise, Farrer's employment status changed beneficially when the parties reduced their agreement to writing. Hence, the instant restrictive covenant is valid.

In addition to the beneficial change in employment status, Farrer was given the opportunity to increase his earnings substantially. Pursuant to his employment contract, Farrer received 17% of all the cash he collected and paid over to his employer. In addition, Farrer's earnings would increase in direct proportion to the new business he procured on his route. A similar situation arose in *Wainwright's Travel Service, Inc. v. Schmolk,* 347 Pa.Super. 199, 500 A.2d 476 (1985). In that case, this court ruled that the potential to realize monetary gains due to a change in employment status was adequate consideration to support a restrictive covenant entered into after initial employment. *Wainwright's Travel Service,* 347 Pa.Superior Ct. at 204, 500 A.2d at 478. Accordingly, Farrer's opportunity to increase his earnings due to his change in employment status is sufficient consideration to support the restrictive covenant in his employment contract.

In conclusion, we hold that the restrictive covenant was ancillary to Farrer's taking of employment and supported by adequate consideration. Therefore, the restrictive covenant is valid and, if the covenant is found to be reasonably limited in time and territory, enforceable. We reverse the lower court decision and remand this case for

determination of whether the covenant is reasonably limited in time and territory.

Reversed and remanded. Jurisdiction relinquished.