**International Salt Co., LLC v. Jones**

520

C.P. of Lackwanna County, No. 2012-CV-6303.

*John T. Clary*, for plaintiff.
*Daniel L. Schwartz* and *Brian P. Stahl*, for defendant

MINORA, *J.*, April 23, 2013—Before the court is the plaintiff International Salt Company, LLC's (herein after plaintiff) petition for preliminary injunction, for the reasons that follow the petition is dismissed and denied.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff is seeking a preliminary injunction based upon an action for breach of employment agreement and violation of the Pennsylvania Uniform Trade Secrets Act. In support, plaintiff alleges that Robert H. Jones (herein after defendant) violated his employment agreement with plaintiff by becoming vice president of Frontier Bulk Solutions, LLC, a competing corporation, after resigning his position with plaintiff company on July 27, 2012. Plaintiff also claims that defendant solicited two of plaintiff's employees for potential employment at Frontier in violation of §6, paragraph Ai of the employment agreement. Finally, plaintiff alleges that defendant removed information from the company's computer system in July of 2012 including historical consumer information which plaintiff claims constitutes "confidential and proprietary information" pursuant to §6, paragraph B of the employment agreement. It is asserted that the removal of this information is also in violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. §5301. Plaintiff

requests that the court enjoin defendant from working for a competing company for twenty-four months, from using trade secrets, to return proprietary information taken from plaintiff's computers, from soliciting plaintiff's employees, to disclose to plaintiff the password for the protected files, and that defendant pay plaintiff $50,000.00 in compensatory and punitive damages. Plaintiff filed its petition for preliminary injunction on October 23, 2012.

Defendant responded to plaintiffs allegations and petition for preliminary injunction by claiming that he did not work as a direct sales person, that promotion requests were denied, that he has not used any confidential information while working at Summit Salt Company, Inc. (parent company to Frontier Bulk Solutions, LLC). Defendant avers that the January 4, 2008 offer letter for his employment at plaintiff company did not contain any non-competition or non-solicitation restrictive covenants. Defendant also claims that later in 2008 when he became a consultant for plaintiff company, the consulting agreement also did not contain any non-competition or non-solicitation restrictive covenants. In October of 2008, defendant returned to his former position with plaintiff and a second employment agreement (herein after agreement) dated October 3, 2008 was signed. Defendant stresses that the October employment agreement was drafted by plaintiff's attorneys, that plaintiff did not recommend that defendant retain counsel, did not inform defendant that restrictive covenants were added, that it did not contain any severance provisions, and that the agreement imposed significant restrictions on post-employment activities.

Furthermore, defendant declares that the legal requirements for injunctive relief have not been met. Specifically, defendant claims that plaintiff has not suffered any injury, much less irreparable injury, due to his actions and that the issuance of an injunction in this case would be contrary to public policy. Defendant also claims that plaintiff's right to relief is unclear due to the inadequacy of the consideration paid, the unreasonable duration, time and scope of the restrictions, that such restrictions are not reasonably necessary to protect plaintiff, and that plaintiff has unclean hands. Finally, defendant asserts that greater injury will result from granting the injunction that refusing it.

Hearings in case were conducted in this court on January 3rd 2013 and January 15th 2013. The record was kept open for proposed findings of fact and conclusions of law to be submitted after the transcript was prepared. This matter is now ripe for disposition.

## STANDARD OF REVIEW

A preliminary injunction seeks to maintain the status quo until the rights of the parties can be fully adjudicated. *New Castle Orthopedic Associates v. Burns*, 481 Pa. 460 (1978). In *Allegheny Anesthesiology Assocs. v. Allegheny Gen. Hosp.*, 826 A.2d 886 (Pa. Super. Ct. 2003), our Superior Court held that:

[a] preliminary injunction should be granted only if all of the following four "essential prerequisites" are proven: (i) a strong likelihood of success on the merits; (ii) a showing of immediate and irreparable harm that cannot

be compensated by money damages; (iii) a showing that the greater injury will result if preliminary injunctive relief is denied than if such injunctive relief is granted; and (iv) a showing that a preliminary injunction would restore the status quo.

*Id.* at 891.

Distinct burdens of proof govern requests for preliminary injunctions as opposed to applications for permanent injunctions. *Chester v. Chester Redevelopment Auth.*, 686 A.2d 30, 35 (Pa. Commw. 1996). Since a preliminary injunction merely serves as a temporary remedy pending a full hearing on the merits, the criteria for the issuance of a preliminary injunction are less demanding than that applicable to requests for a permanent injunction. *LARA, Inc. v. Dorney Park Coaster Co., Inc.*, 116 Pa. Commw. 548, 553, 542 A.2d 220, 223 (1998). For instance, a party seeking a preliminary injunction is not necessarily required to establish the absence of an adequate remedy at law. *Chester*, 686 A.2d at 35. Furthermore, "unlike a party seeking a permanent injunction, a party 'seeking a preliminary injunction is not required to establish his or her claim absolutely.'" *Boyle v. PIAA*, 676 A.2d 695, 699 (Pa. Commw. 1996). Instead of demonstrating that the right to relief is clear, the moving party need only establish a likelihood of success on the merits. *Sheridan Broadcasting Networks, Inc. v. NBN Broadcasting, Inc.*, 693 A.2d 989, 992 (Pa. Super. 1997).

In *Insulation Corp. v. Brobston*, 667 A.2d 729 (Pa. Super. Ct. 1995), our Superior Court held that in order to

be enforceable, non-competition covenants must "relate to a contract for employment, be supported by adequate consideration and be reasonably limited in both time and territory." *Id.* at 773. Particularly, the enforcement of post-employment restraints is permitted "only where they are ancillary to an employment relationship between the parties, the restrictions are reasonably necessary to protect the employer, and the restrictions are reasonably limited in duration and geographic extent." *Id.* When determining whether the non-competition covenant is reasonable in time and territory, the trial court must weigh the employer's need for protection from the covenant against the hardship that the covenant might impose on the employee. *Id.* at 734. Generally covenants are reasonably limited if they are within such territory and during such time as may be reasonably necessary for the protection of the employer without imposing undue hardship on the employee. *Hayes v. Altman*, 225 A.2d 670, 672 (1967) (citing Restatement of Contracts §516(f) (1932)). As a general rule, non-competition covenants should be construed narrowly because they impose a restraint on the ability of an employee to earn a livelihood. *Allegheny*, at 892.

Regarding the irreparable harm prong of the preliminary injunction test, the Supreme Court of the United States has held that the key word in this consideration is 'irreparable' and that mere injury, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of

litigation, weighs heavily against a claim of irreparable harm. *Chambliss v. City of Philadelphia*, 535 A.2d 291, 294 (1987) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Also, in assessing the immediate and irreparable harm prerequisite, the trial court should consider harm to the public. *Allegheny*, at 893. The status quo to be maintained by a preliminary injunction is the last actual, peaceable and lawful non-contested status which preceded the pending controversy. *Valley Forge Historical Society v. Washington Memorial Chapel*, 426 A.2d 1123, 1129 (1981). Finally, Plaintiff's right to a preliminary injunction must be clear to be awarded. *Id.* at 1128.

## DISCUSSION

Plaintiff contends that the noncompetition clause contained within defendant's October 3, 2008 employment agreement bars defendant from engaging in the salt business in any state where plaintiff currently operates, and thereby from working for Summit Salt Company, Inc. The employment agreement between defendant and plaintiff company contains a two year non-compete clause which states that defendant may not "engage in or be financially interested in any business competitive with the business of company or in the sale or distribution of salt in any state in the United States of America in which company sells or distributes salt, or in which company plans to sell or distribute salt at the time of such termination of employment." (*See* paragraph 6(A)(iii) of employment agreement). However, at or about the same time defendant terminated his employment with plaintiff company, he almost simultaneously engaged in the employ of Frontier

Bulk Solutions, LLC, which through its subsidiary Summit Salt Company, LLC planned to begin selling salt products during the winter of 2012-13.

In his answer and brief to the petition for preliminary injunction, defendant asserts that plaintiff has not met the legal requirements for injunctive relief; specifically that plaintiff has not suffered any injury, much less irreparable injury. "An injury is regarded as 'irreparable' if it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard." *Sovereign Bank v. Harper*, 449 Pa. Super. 578, 674 A.2d 1085, 1091 (1996). Our courts have held accordingly, that "it is not the initial breach of the covenant which necessarily established the existence of irreparable harm but rather the unbridled threat of the continuation of the violation," and incumbent disruption of the employer's customer relationships. *John G. Bryant Co. v. Sling Testing and Repair*, 471 Pa. 1, 8, 369 A.2d 1164, 1167 (1977).

Defendant has breached the non-competition clause of his employment agreement by engaging in employment with Summit Salt Company, however, defendant argues that plaintiff is unable to demonstrate that it will suffer any harm, much less irreparable harm, from his continued employment at Summit Salt Company, Inc. In Pennsylvania, the grounds for an injunction are established "where the plaintiff's proof of injury, although small in monetary terms, foreshadows the disruption of established business relations which would result in incalculable damage should the competition continue in violation of the covenant." *New Castle Orthopedic Assoc's v. Burns*,

481 Pa. 460, 466, 391 A.2d at 1383, 1386 (1978). The effect of such disruption may manifest itself in a loss of new business not subject to documentation, the quantity and quality of which are "inherently unascertainable." *John G. Bryant Co.*, at 8, 369 A.2d at 1167. In its complaint, plaintiff claims that it is concerned that it may have lost business to Frontier and/or will lose business to Frontier in the future due to defendant's wrongful conduct and breach of the employment agreement, allegedly to ISCO's financial detriment. (*See* complaint, paragraph 41). During the proceedings that were held on January 3rd and January 15th, it was established that defendant was generally not involved in direct sales or marketing of product during his employment at plaintiff company. He therefore claims that he lacked special knowledge of, or relations with, plaintiff's customer base or any other secret information. Defendant argues that such information is readily ascertainable from other sources and can be used to ISCO's detriment. Plaintiff argues that the information that defendant took from plaintiff's computers for the purpose of preparing sales projections at home may now be used unfairly in competing with plaintiff. However, defendant's flash drive that contained plaintiff's three year products history with each customer was returned to plaintiff and plaintiff cleared it of such information before returning the flash drive to defendant. Trial tr. Jan. 3, 2013 at 106. Although plaintiff argues that Summit Salt Company, as a start up, may eventually impinge upon plaintiff's sales, this competitive risk is inherent in the industry itself and would not be any different from other competition which exists in the salt industry. Plaintiff also seems to lack proof

that it will be irreparably injured, which is an essential prerequisite to establish justification for an injunction. *Allegheny Anesthesiology Assocs.*, supra at page 3.

Defendant asserts that plaintiff's right to relief is far from clear due several factors. First, that inadequate consideration exists to enforce the non-compete covenant because the restrictive covenant was added to an existing employment relationship. Pennsylvania law does hold that when an employee enters into an employment contract containing a covenant not to compete subsequent to employment, the covenant must be supported by new consideration which can be in the form of a corresponding benefit to the employee or a beneficial change in his employment status. *Davis & Warde, Inc. v. Tripodi*, 420 Pa. Super. 450 (1992). These are the not facts in the present case. The employment agreement entered into between plaintiff and defendant on October 3, 2008, sets forth that "This agreement contains the entire understanding among the parties hereto ... and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied, oral or written, except as herein contained." (*See* paragraph G of employment agreement). Although defendant was previously employed by plaintiff from January 4, 2008 to February 2008, he ceased to work as an employee of plaintiff and became a consultant for the plaintiff by forming Logistics Consulting Services, LLC ("LCS"). Plaintiff and LCS entered into a consulting agreement, the term of which was March 31, 2008 through October 3, 2008. It was not until October 3, 2008 that defendant

again became an employee of plaintiff by entering into the new employment agreement which contained the non-compete clause. Therefore, the adequate consideration for the restrictive covenant contained in this new contract of employment was the new employment itself.

Defendant next argues that the non-compete clause is not reasonably limited in job description, duration of time and/or geographical scope. The October 3, 2008 employment agreement described defendant's new employment position as that of a "sales analyst" and did not delineate any of defendant's responsibilities. Enforcing a restrictive covenant based upon such a broad job description would conceivably bar defendant from working for any company that sells a number of products if that company somehow engages in the sale of a salt product. Thereby, applying plaintiff's interpretation, defendant would be unable to work in a multitude of industries since salt is a basic element of many everyday products.

As seen above, the employment agreement bars plaintiff from competing for a period of two years in any state in the United States of America in which the company sells or distributes salt. In *Wainwright's Travel Service, Inc. v. Schmolk*, 347 Pa. Super. 199, 500 A.2d 476 (1985), the court held that where a five-state area encompasses the primary business area of a company, a geographic restriction and a covenant not to compete encompassing this area may be found to be reasonable. *Id.* at 479. Since the competition in the salt market is nation-wide and since International Salt Company distributes throughout most of the nation, the geographic extent of this agreement would

essentially prohibit defendant from becoming employed in the salt business across the entire nation. However, under the proper circumstances, even a nationwide covenant not to compete may be appropriate. *National Business Services, Inc. v. Wright*, 2 F. Supp. 2d 701 (E.D. Pa. 1998). In *Wright*, the court upheld a nation-wide covenant. Although nationwide covenants are disfavored by Pennsylvania courts, where the companies in question were established nationwide businesses, and where the employee also had responsibility for the employer's product as shown on the internet, which had a nationwide scope, and where the employee had extensive contacts with customers all over the nation, such a covenant was found enforceable. *Id.* at 708. But in the present case, defendant's employment position was rarely directly involved with contacting current or prospective customers of plaintiff. He did not have the employment opportunity to develop trust or confidence with customers or become involved with client development and sales presentations to major accounts. Instead defendant primarily worked on sales forecasts and analysis which contained the past three year history of client purchases, much of which can be weather driven. Trial tr. Jan. 3, 2013 at 145. Therefore a restrictive covenant of such breadth and scope would not be sufficiently reasonable under these circumstances.

But, although defendant worked primarily on sales forecasts and analysis which contained the past ordering history of plaintiffs customers, this information may still be construed as constituting a trade secret under Pennsylvania law. A trade secret is defined under the

Uniform Trade Secrets Act, 12 Pa. C.S.A. §5301 as "Information, including a formula, drawing pattern, compilation including a customer list, program, device, method, technique or process that:

(1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

12 Pa. C.S.A. §5302.

When considering whether certain information is a trade secret, some factors to be considered include, (1) the extent to which the information is known outside the owner's business; (2) the extent to which it is known by employees and others involved in the owner's business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the value of the information to the owner and to his competitors; (5) the amount of effort or money expended by the owner in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Restatement of Torts §757* comment b (1939); *International Election Systems Corp. v. Shoup*, 452 F.Supp. 684, 706 (E.D. Pa. 1978). In order to be protected, the trade secrets "must be the particular secrets of the complaining employer, not general secrets of the trade in which he is engaged." *Renee Beauty Salons, Inc. v. Blose-Venable*, 438 Pa. Super. 601,

607-08, 652 A.2d 1345, 1348-49 (1995). Mere names and addresses easily ascertainable by observation or reference to directories will not be protected as trade secrets. *Id.* at 1349. Therefore, general information that defendant gained during his employment, such as the locations of salt storage facilities used in the industry, are certainly not trade secrets that warrant protection. However, the information that defendant worked with while creating plaintiff's sales forecast, which helped to determine the company's supply and demand for various products at their different locations, may be considered a trade secret. This information was password protected and the plaintiff expended effort and money, mainly through the employment of the defendant, to compile this information. These factors tend to show that the information in the sales forecast could potentially be viewed as a trade secret.

However, this information, which basically constitutes a client list with information on each client's past salt needs, is most likely not a trade secret because the information can be easily obtained from the clients themselves. In *Renee Beauty Salons, Inc.*, the names of hair stylist's customers and their preferences, known to employees through serving those customers, did not constitute a customer list which hair stylist could protect when employees left employment of stylist and set up competing business. *Id.* at 609, 652 A.2d at 1349. Similarly, in the present case, any salt company could phone various known prospective clients, whether they be government entities, distributors, etc., and gain information as to the salt needs of those entities. Furthermore, the parties admit that many of these entities

are served by various salt companies simultaneously; therefore, it is reasonable to conclude that this information is generally known throughout the salt trade.

## CONCLUSION

Finally, much of the government salt procurement, which makes up a substantial portion of plaintiff's sales, is publicly advertized and bid. This open and transparent procedure can hardly be viewed as a trade secret. In the present case, the hardship to the defendant of essentially being barred from the salt trade, and thereby his livelihood, for a period of two years nationwide would greatly outweigh any conjectural detriment that the plaintiff may incur. The restrictions in the employment agreement are not reasonably necessary to for the protection of plaintiff.

As noted in *Brobston*, supra at page 4, 5 we are directed to weigh the reasonableness of the covenant and the employer's need for protection against the hardship the covenant might impose on the employee. The employer's need for protection has not been sufficiently proven to the court. The competitive threat that this defendant represents is indistinguishable from the competitive threats that exist in the industry generally. Plaintiff has failed to show that defendant represents irreparable harm to the plaintiff. Plaintiff has failed to show that defendant represents an "unbridled threat...and incumbent disruption of employer's customer relationships." *Bryant*, supra at page 6. Finally, plaintiff, in its quest for the extraordinary remedy of injunctive relief has also failed to show defendant's employment would, "...foreshadows the

disruption of established business relations which would result in violation of the covenant." *New Castle*, supra at page 7. Therefore, plaintiff's petition for preliminary injunction is denied and the viability of these competitors is left to the crucible of the marketplace and/or an action in assumpsit.

An appropriate order follows.

### ORDER

Accordingly, this 23rd day of April, 2013 plaintiff's petition for preliminary injunction is both dismissed and denied.