**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3715
_____


L.B. FOSTER COMPANY,
a Pennsylvania Corporation

v.

ROBERT BARNHART,
an adult individual,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No.:  2-14-cv-00702)
District Judge:  Honorable Cathy Bissoon

_____


Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

(Opinion filed: June 11, 2015)


Before:  RENDELL, HARDIMAN, and VANASKIE, <u>Circuit Judges</u>

## O P I N I O N[*]

**RENDELL**, Circuit Judge:

The District Court granted Appellee L.B. Foster Company's motion for a preliminary injunction against Appellant Robert Barnhart because it found that Barnhart was violating his non-compete agreements with L.B. Foster. Barnhart raises one issue on appeal: whether L.B. Foster offered adequate consideration—namely, participation in the 2007 sales incentive plan—in exchange for Barnhart's signing of the non-compete agreements. Because we conclude that participation in the 2007 incentive plan was adequate consideration, we will affirm.

## I. Background

Barnhart began working for L.B. Foster on December 12, 2005 as a sales associate. The offer letter, pursuant to which he accepted employment, did not include any entitlement to participate in L.B. Foster's sales incentive plans. L.B. Foster's sales incentive plans changed yearly and L.B. Foster could amend them at any time and for any reason. Barnhart did not receive a bonus from the 2005 incentive plan because he had not worked at L.B. Foster long enough to be eligible. He did receive a bonus in 2006.

In 2007, L.B. Foster asked its employees to sign non-compete agreements in exchange for the right to participate in the 2007 incentive plan. Barnhart agreed and

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

executed two non-compete agreements, pertaining to different products, in which he agreed not to disclose L.B. Foster's proprietary information and agreed not to work for any competing business for one year after terminating his employment with L.B. Foster. As a result of signing the non-compete agreements and participating in the 2007 incentive plan, Barnhart received a bonus of $37,617.

Barnhart resigned on April 7, 2014, effective Friday April 18, 2014, and he began working for L.B. Foster's director competitor, Pipe & Piling Supplies Ltd., the following Monday. L.B. Foster subsequently discovered that Barnhart had taken some of its proprietary sales information when he left. L.B. Foster filed suit and sought a preliminary injunction on the grounds that Barnhart was violating the non-compete agreements. Barnhart filed for partial summary judgment urging that the non-compete agreements were unenforceable because they were not supported by adequate consideration. The District Court held a two-day evidentiary hearing on the preliminary injunction motion. At the end of the hearing, the District Court concluded, in regards to the consideration issue, that:

> Based upon my review of the case law, as well as the testimony offered by Mr. Kelly [L.B. Foster's Vice President of Human Resources and Administration] and, frankly, Mr. Barnhart himself, it appears to me participation in the company's incentive plan was not a given. Individuals who did not sign the agreement remained employed but did not participate in the program. As such, participation in the plan was something of value, i.e., consideration, and defendant's motion for partial summary judgment is denied on that basis.

(App. 823a.)

3

On appeal, Barnhart urges that he did not receive adequate consideration for signing the non-compete agreements. He claims that, because he had previously received a bonus and understood bonuses to be commonly awarded, allowing him to participate in the 2007 incentive plan was not sufficient consideration.

## II. Analysis

"We review an order granting a preliminary injunction for abuse of discretion, the factual findings for clear error, and the determinations of questions of law *de novo*." *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 178 (3d Cir. 2008).[1]

In Pennsylvania,[2] "[i]f an employment contract containing a restrictive covenant is entered into subsequent to employment, it must be supported by new consideration which could be in the form of a corresponding benefit to the employee or a beneficial change in his employment status." *Modern Laundry & Dry Cleaning Co. v. Farrer*, 536 A.2d 409, 411 (Pa. Super. 1988). L.B. Foster had no legal obligation to allow Barnhart to participate in the 2007 incentive plan or to give him any bonus at all. Barnhart even acknowledges this fact: "Barnhart has never contended that . . . he was legally entitled to receive future bonuses; nor that Foster was legally obligated to pay bonuses; nor that Foster lacked the discretion to remove bonus pay from his compensation package."

---

[1] We note that, technically, the consideration issue arose in Barnhart's motion for summary judgment, not L.B. Foster's motion for a preliminary injunction. But the order that Barnhart appeals is the District Court's preliminary injunction order, and therefore we apply the preliminary injunction standard of review.

[2] The parties agree that Pennsylvania law governs the consideration issue.

4

(Appellant Reply 5.) L.B. Foster allowed Barnhart to participate in the 2007 incentive plan, which resulted in Barnhart receiving a bonus of $37,617, in exchange for Barnhart's signing the non-compete agreements. Because L.B. Foster gave Barnhart something of value that it was not already legally obligated to provide, Barnhart received adequate consideration for signing the non-compete agreements.

### III. Conclusion

Accordingly, we will affirm.